[Tennessee Coal, Iron & Railroad Co. v. Hayes.]

| 97 | 201 |
| 97 | 186 |
| 97 | 201 |
| 98 | 655 |

# Tennessee Coal, Iron & Railroad Co. *v.* Hayes.

*Action by Minor Employe for Damages for Personal Injuries.*

1. *Evidence of contract of employment.*—Where a father was employed to load defendant's cars at a specified price per car, and under directions of defendant's superintendent his minor son assisted him in the work, which was being done under the supervision of the superintendent, although the father received the pay for the work, and the son's name was not borne on the pay-roll of defendant, the son was a servant of the defendant within the meaning of section 2590 of the Code.

2. *Master liable for acts of fellow-servant—when—*When a servant employs a third person to perform an act within the servant's employment, and injury results to another, the master is liable the same as though the servant employed no agent.

3. *Negligence vel non a question for the jury.*—When a car on a railway is set in motion on a down grade by the person having it in charge, without taking proper precautions or having means to check its progress, and such car gets beyond control of the person in charge and collides with another car, whereby an employe is injured, the question of negligence *vel non* is properly submitted to the jury.

4. *Contributory negligence must be plead specially.*—If no plea of contributory negligence is interposed and the cause is not conducted in such manner as if it had been interposed, the appellate court will not review the rulings of the lower court with respect to matters falling within that issue.

5. *Authority of next friend of an infant.*—A next friend is admitted by the court to prosecute a right for an infant, but he can do nothing to operate as an injury to the infant's rights, and therefore cannot compromise a suit instituted in the infant's behalf to recover damages for personal injuries, nor will a judgment rendered solely on an agreement between him and the defendant bind the infant.

6. *Relevancy of acts of foreman.*—Evidence that defendant's superintendent was at the place where plaintiff was at work about the time of the injury was properly admitted, as tending to show that plaintiff was a servant of defendant.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES B. HEAD.

This action was brought by Elbert Hayes by his next friend against the Tennessee Coal, Iron & Railroad Company for injuries caused by the negligence of defendant in permitting a car which had been started in motion on a down grade to collide with one on which plaintiff was working, whereby he was injured. The complaint contained three counts; the first alleging negligence in permitting a car to be started down grade without having brakes on it; the third count

alleged that the brake on the car was defective and insufficient, and the second alleged that the defendant so negligently managed the car on the grade that it collided with the car on which plaintiff was at work.

The defendant plead the general issue and former recovery, to which last plea replications were filed, which are sufficiently set forth in the opinion. The testimony of the plaintiff tended to show that he worked at the coke ovens of the defendant with his father, and that Sims, the superintendent of the ovens, had told his father to bring his boys and put them to work assisting him in loading the cars, that Sims saw plaintiff at work and gave instructions about the work as it was done, but plaintiff's father drew the pay for the work which was 95c. for loading each car, and plaintiff's name was not on the pay-rolls of the defendant.

It was in evidence that another man named Reid, and his son, worked about fifty yards from plaintiff at the same kind of work and that Sims knew that these parties were so engaged. Also that a car without a brake being loaded by them, was started with a crow bar for the purpose of moving it opposite another pile of coke, and that said car getting beyond control of Reid and his son collided with the car which was being loaded by plaintiff, and the collision resulted in the loss of plaintiff's leg. A witness for plaintiff was asked if he had seen Sims at the place on the morning plaintiff was hurt. The court allowed the question to be answered against the objection of defendant. The same witness was also asked if Reid was loading coke for the same purpose as witness, on the same track and in the same kind of cars, to which he answered "Yes, Sir." The defendant moved to exclude the answer and excepted to the court's refusal to exclude it. There was another exception to the refusal of the court to exclude a statement by the witness that "it was every man's duty to move a car when engaged in loading them."

Among other things in the court's general charge, he instructed the jury, as follows : "Now, that is the law as to the powers of next friend. He has no more interest in the recovery than a stranger. (He has no power over the cause of action. He has no power without authority of court, to compromise or settle the cause of action in any way whatever. He could not enter into an agreement with the defendant that would bind the minor.)" The defendant duly excepted to the portion of the general charge copied above that is inclosed in brackets and also excepted to the following portion of the general charge given by the court: "Now,

[Tennessee Coal, Iron & Railroad Co. v. Hayes.]

you see, in the light of that principle, it is manifest that this plaintiff, Randall Hayes, had no right to make any agreement with the Tennessee Coal, Iron & Railroad Company, for the payment of $100 or $50 or any other sum of money, and such arrangement as that, so far as the arrangement itself is concerned, is a mere nullity,—it amounts to nothing and is null and void ; and the only way in which such an arrangement can become possessed of any validity would be by the ratification of it by a court of competent jurisdiction, that has all the facts before it." The court also instructed the jury in its oral charge, as follows· "Now, then, I· charge you that such a transaction as that, unless the court was fully informed of all the material facts of the transaction. so as that the court could have instituted an investigation. and determined whether or not it was for the benefit of the minor that such a settlement be carried out, was of no validity; (that a judgment rendered on such agreement would be null and void, unless the court was informed of the material facts, because the next friend had no right to enter into a compromise of that kind, by which the rights of the minor would be concluded.)" The defendant excepted to that portion of this part of the general charge which is inclosed in brackets. The defendant requested several charges, the first three of which were the general affirmative charge in its behalf upon the respective counts of the complaint. Among the other charges requested by the defendant are the following : (4) "I charge you, gentlemen, that there is no evidence in this case that the person who had charge of, and was operating the car which escaped and collided with plaintiff's car was guilty of any negligence in the management of said car." (5) "That if you believe from the evidence that Randall Hayes, as the father of the plaintiff, and as his next friend, agreed with the defendant to settle the claim of plaintiff for fifty ·dollars, the defendant paying all the costs and expenses of settlement, and the doctor's bill for attendance upon the boy for his injury, and that said Randall Hayes instructed J. F. Martin to bring the suit, and to agree upon the judgment rendered in said case, as shown by the second plea of defendant, and that said Martin, in accordance with the said instruction of the said Randall Hayes, brought said suit and agreed to said judgment, the court rendering said judgment being informed of the settlement and agreement, then I charge that your verdict must be for defendant." (9) "I charge you that Randall Hayes, as the father of the plaintiff, ·had the right to bring the suit set out in the second plea of defendant, as the next friend of plaintiff. As such

plaintiff, he had the right to employ J. F. Martin, to bring the suit for him, and had the right to instruct the said Martin to agree upon and take the judgment rendered and set out in said plea ; and if you believe from the testimony that plaintiff's said father did request the said Martin to bring said suit, and to agree upon and take said judgment,—the said Martin not in any way fraudulently inducing him to do so, but explaining to him the effect of said judgment,—then I charge you that your verdict must be for defendant." The court refused to give each of these charges, as asked by the defendant. There was judgment for the plaintiff for $1,000.

HEWITT, WALKER & PORTER, for appellant, insisted in an elaborate argument that the plea of former recovery was fully sustained, citing *Tripp v. Gifford*, 29 N. E. Rep. (Mass.) 208.

WHITTAKER & WHITTAKER and TALLIAFERRO & HOUGHTON, for appellee, cited 1 Bishop Cr. Law 679 ; *State v. Atkinson*, 9 Humph. (Tenn.) 677 ; *State v. Long*, 1 Swan (Tenn.) 34 ; *Lee v. Lee*, 55 Ala. 590 ; *Cox v. Johnson*, 80 Ala. 22 ; *Tillman v. Thomas*, 87 Ala. 321; *Isaacs v. Boyd*, 5 Port. 388 ; *Alston v. Alston*, 34 Ala. 15 ; *Govt. St. Rw'y v. Hanlon*, 53 Ala. 70-82; *Bethea v. McCall*, 3 Ala. 450 ; *Hubbert v. Collier*, 6 Ala. 269.

McCLELLAN, J.—It is not pretended or insisted that the father of plaintiff and the person employed to load the car which collided with that on which plaintiff was engaged were not servants of the defendant company. They were employed to load coke on defendant's cars and were paid by the number of cars loaded, and their work was done, as the evidence is without conflict in showing, under the immediate supervision and control throughout of the defendant company acting through a superintendent. These men were not independent contractors representing the will of the defendant only as to the result of their labors— the loading of the cars—but mere servants representing and carrying out the master's will and directions not only as to the result to be accomplished but also as to the means by which it was to be accomplished ; and the mere fact that the work was done by the piece or job—that they were paid for each car loaded by them—is not of importance when taken in connection with the uncontroverted fact that their labors were performed under the direction and control in detail of the defendant.—14 Amer. & Eng. Encyc. of Law, p.

[Tennessee Coal, Iron & Railroad Co. v. Hayes.]

829; and cases there cited; *Speed v. Atlantic & Pacific R. R. Co.*, 2 Am. & Eng. R. R. Cas. 77.

It follows that the defendant company was liable for the consequences of any negligence on the part of the person under whom Ried and his son worked in or about the work upon which he was engaged; and the same rule of liability applies with respect to the results of negligence on the part of Ried and his sons who were employed to assist him in the service, the well settled doctrine being that "where a servant employs a third person to perform an act within the servant's employment, and injury results to another, the master is liable the same as though his servant employed no agent."—14 Am. & Eng. Encyc. of Law, p. 810; *Althorp, Admr. et al. v. Wolfe*, 22 N. Y. 355; *Randleson v. Murray, et al.* 8 Ad. & El. 109; *Booth v. Mister*, 7 C. & P. 66; *Weihtrecht v. Fasnacht*, 17 La. An. 166; *Bush v. Steinman*, 1 B. & P. 403; *Simons v. Monier*, 29 Barb. (N. Y.) 419; *Snydam v. Moore*, 8 Barb. (N. Y.) 358; *Montgomery Gas Light Co. v. Montgomery & Eufaula R'y. Co.* 86 Ala. 372.

Not only is the defendant liable for injuries caused by the negligence of the Rieds in moving the car upon which they were engaged, but, in our opinion, that liability may be enforced by the plaintiff under section 2590 of the Code, known as the Employers' Liability Act, under one aspect of the evidence as to the relation existing between plaintiff and the defendant. The undisputed facts in this connection are that plaintiff's father was employed by the defendant to load its cars at so much each, under the control and direction of defendant's superintendent or foreman, that plaintiff and his brother were assisting their father in this work, that at the time of the casualty the father had gone off to dinner leaving the boys to continue the work of loading cars and that they were engaged in so doing when plaintiff received the injuries now complained of. Further than this the evidence tended to show that the defendant's superintendent or foreman who was in immediate charge of the work there being done with power to employ and discharge hands, had told the elder Hayes to bring his boys there and put them on the work, and that they were put to work there in consequence of this, that he knew plaintiff was so employed, and so far from objecting thereto, treated him as being rightfully so engaged and directed and controlled him as to the manner of doing the work. The defendant had the benefit of plaintiff's labor thus induced and assented to by its authorized agent, and performed with his knowledge and under his supervision, if the facts be in line with this tendency

of the evidence, which was a question for the jury. That this evidence, if believed, established the relationship of master and servant, within the meaning of the act referred to, between the defendant and the plaintiff, is, we think, clear. That plaintiff's name was not on defendant's pay roll and that he personally received nothing from defendant for his labor, has no bearing on the question. He was a minor, and his father was entitled to his time and to the rewards of his labor. The payment of compensation for his services to his father was as if it had been paid directly to him so far as the fact of payment bears upon the question of the relationship between him and the defendant corporation. Here then, on this aspect of the evidence, we have an employment by the defendant, work performed under that employment for the defendant in accordance with defendant's directions, and payment for that work, in legal effect, to the person employed and who performed the labor. We do not conceive that any doubt can exist of the jury's right to find that plaintiff was defendant's servant, and by such finding support the averments of the complaint in this regard; and the question was properly left to them to determine.—*Propley v. Bartlett*, 108 N. Y. 632; *Packet Co. v. McCue*, 17 Wall. 508.

It is contended that there was no evidence on the trial of any negligence on the part of the persons who had charge of the car which collided with that upon which the plaintiff was at the time, and caused the injury; and upon this theory, among others, the general affirmative charge was requested for defendant, and the court was asked also to instruct the jury that there was no evidence of such negligence. The theory is untenable. There was evidence of facts from which the jury might have inferred negligence on the part of the Rieds. There was some evidence going to show that the car which they attempted to move down the grade had a brake. If that evidence was believed by the jury, they clearly had the right to find negligence from the fact that no effort was made to control or stop the car by means of the brake, an omission which is shown by the testimony of the younger Ried. Again, if Ried's testimony is believed throughout, the car was not supplied with a brake at all, and he and his father undertook to stop it by putting obstructions on the track in front of it *after* "pinching" it into motion. That these obstructions were inadequate to the end in view is manifested by the fact that they did not subserve that end—the car was not stopped by them and here was room for an inference

[Tennessee Coal, Iron & Railroad Co. v. Hayes.]

that the Rieds were negligent either in not placing the obstructions on the rails *before* starting the car when there was time to adequately guard in this way against the escape of the car, or in that, conceding that they had time after the car began to move to sufficiently obstruct it, they failed so to do.   There was, in other words evidence from which the jury might have found that a car, having no brake, could with due care have been safely moved and controlled by the Rieds, and from the fact that this one was not so moved and controlled, but allowed to escape and run wild, it not appearing that everything which due care and diligence required was done to control it, the jury were at liberty to infer, on the maxim *res ipsa loquitur*, that the requisite care was not used by them.—16 Amer. & Eng. Encyc. of Law, pp. 448-452; *Scott v. London Docks Co*, 3 Hurl. & Colt. 596; *Mulcairns v. Janesville*, 67 Wis. 24; Thompson on Neg. 1227; Cooley on Torts, 703.

No plea of contributory negligence was interposed.   The case as to this defense falls within the rule declared in *K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 412, that in the absence of such plea rulings of the trial court in respect of contributory negligence will not be reviewed, and is not within the exceptions to that rule which has more recently been announced in the cases of *R. & D. R. R. Co., v. Farmer, ante*, 141; *K. C., M. & B. R. R. Co. v. Burton, post* ——.   Whether the refusal to give charges requested by defendant below going to this matter was abstractly correct or not it is not material to inquire.

The plea of former recovery alleged a suit in the name of Elbert Hayes (the plaintiff in this action) by his next friend Randal Hayes, who was the father of said Elbert, and a judgment in that suit which is set out as a part of the plea as follows:  "On this the 8th day of April, 1889, came the parties by their attorneys and issue being joined, and it appearing to the court that in this cause a jury has been waived by the statute in such cases made and provided, the court proceeds to hear and determine the same; whereupon upon the proof produced at the trial of this cause, it is considered and adjudged by the court that the plaintiff have and recover of the defendant the sum of fifty dollars ($50.00), the amount of plaintiff's debt and damages as ascertained and assessed by the court," &c., &c.   It is thus seen that the plea in substance and effect avers that evidence was introduced on the trial and that upon a consideration of this evidence the court ascertained and assessed plaintiff's damages to be fifty dollars and rendered judgment for that sum.   The repli-

[Tennessee Coal, Iron & Railroad Co. v. Hayes.]

cations to this plea set up that no evidence at all was adduced, but that on the contrary, judgment was rendered on consent made by an agent of the defendant who appeared as representing the plaintiff, but that the "whole proceedings were without plaintiff's knowledge, or consent or agency, and contrary to his interest, and were fraudulent, collusive and an imposition on the court which rendered the judgment." The defendant took issue on these replications. On the trial it was shown without conflict that no evidence was introduced and that the judgment was entered solely on consent of an attorney who appeared for plaintiff. The defendant itself introduced evidence going to show that this consent was made in consonance and compliance with an agreement entered into between the defendant and Randal Hayes, plaintiff's father, to the effect that the defendant should pay said Randal fifty dollars for himself, fifty for his son, the plaintiff, and a like sum to the physician who attended plaintiff after he received the injuries complained of, and that in order to give binding efficacy to this agreement, said Randal was to have suit instituted by himself as next friend of Elbert and therein consent to a judgment for fifty dollars in favor of said Elbert; and that in carrying out this agreement suit was instituted and the attorney for plaintiff, or plaintiff's next friend, consented to the judgment pleaded. This tendency of the evidence was relied on by the defendant as meeting and overturning evidence on the part of the plaintiff which tended to show that consent, nominally on the part of plaintiff, to judgment was really made by one acting for the defendant, and as disproving the averments of the replications in this regard. It is apparent from the record before us that on the trial below the defendant contended—and the insistance is renewed here—that this attempted compromise of plaintiff's claim against the defendant and the judgment entered on a consent which was stipulated for in the attempted compromise were binding on the plaintiff, he being a minor about seventeen years old and all this being done by his father as his next friend, and precluded him to assert any further demand on account of his injuries; and we are unable to conceive any just ground of complaint which the defendant can base on the abstract fact that the court below assumed to charge the jury with reference to the right of Randal Hayes to make the compromise and consent to a judgment intended to give efficacy to it, and with reference to the validity of the judgment so consented to. Even if this particular inquiry was not presented in the pleadings, it was without objection on the part

of the defendant brought forward in the evidence, indeed this phase of it was so brought forward by the defendant itself, and the defendant sought an advantage—insisted upon entire exemption from liability in this action—on account of it, and while, if it was beyond the issues presented, the court might well have excluded it from the consideration of the jury, yet surely the defendant can not be heard to complain that instead of so doing the court chose to declare the law in respect to it, and refused to give instruction which left it out of view.

That the court correctly declared the law in this connection, we do not doubt. The adjudications of this court support directly or by necessary deduction every proposition given in charge by the court, certainly so when they are referred to and taken, as they must be, in connection with the evidence. In theory a *prochein ami* is an officer of the court in which a minor sues by him. His only functions are to put his capacity to sue in the place of the infant's incapacity, and thus to set the machinery of justice in motion. The court is not asked to pass upon any right of his, for he has no rights in the premises, but only to determine the claims of the minor which he perfunctorily brings before it. The character of the necessity for his appearance marks the limitations of his powers. The minor can not get before the court without him, the jurisdiction of the court to hear and determine the cause of action can only be invoked by him, and it is therefore necessary that he should appear. But having appeared, this necessity having been met, the court having before it a person speaking for the minor, of a competency which is lacking in the minor, proceeds to determine the rights of the minor as between him and the defendant. The next friend has no interest in the result of the proceeding. It is of no consequence to him whether a recovery be had or not, nor whether the amount of recovery be great or small. His being an officer of the court is a basis for the court's powers over him in the litigation. His lack of interest in the result is a reason for the exercise of that power, the basis of the doctrine of his want of control over the litigation. He can not release the cause of action, nor compromise it, nor submit it to an arbitration the result of which will bind the infant. And being without power to compromise the cause of action, and the court having the power and being charged with the duty of controlling the suit to the protection of the infant's interest, an attempted compromise cannot have force and validity injected into it by his mere consent to a judgment for the amount he has assumed to

14–97

agree to receive in settlement of the cause of action. His mere consent is nugatory. It is as if it were not and had never been. The court may upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for the amount so attempted to be agreed upon, but this not because of the agreement at all—that should exert no influence—but because it appears from the evidence that the amount is just and fair, and a judgment therefor will be conservative of the minor's interests. These are the propositions we find in those paragraphs of the court's general charge to which exceptions were reserved, when read in the light of the evidence and referred thereto, and are, in our opinion, free from error, as is also the action of the court in refusing charges 5 and 9 requested for the defendant.—*Isaacs, pro ami v. Boyd et al.*, 5 Port. 388; *Hubbert v. Collier, pro ami*, 6 Ala. 269; *Government St. R. R. v. Hanlon, pro ami*, 53 Ala. 70, 82.

It is not important in this connection that Randal Hayes as the father of Elbert might have sued in his own right for the damages now claimed, and claimed *pro forma* in the first suit for his son, the present plaintiff. Failing to do so, the son had a right of action, and the father assumed to represent this cause of action which accrued to his son, and not any that he himself might have asserted, throughout the transactions laid in the plea of former recovery and the replications thereto; he acted as next friend and not as father to the plaintiff, and what he did is to be judged as if the relation of parent and child had not existed.

The exceptions reserved to rulings on the admissibility of testimony are without merit. Evidence that Sims, defendant's superintendent or foreman, was present at the place where plaintiff was loading cars was relevant on the question whether plaintiff was a servant of the defendant. And if this were otherwise, no injury resulted to defendant from overruling the objection to the question put to the witness as to Sims' presence since he answered that he did not know whether Sims was there or not. We have reached the conclusion above on defendant's own evidence that the company was responsible for the negligence of the "old man" (Reid), so the admission of testimony going to show that "this old man was loading coke for the same purpose as Randal Hayes, on the same track and in the same kind of car" could not possibly have prejudiced appellant. The objection to the evidence as to whose duty it was to move the cars being loaded from one place to another along the battery in taking up the several piles of coke is covered, and

[Louisville & Nashville R. R. Co. v. Pearson, Adm'r.]

disposed of adversely to appellant, by what we have said as to the absence of any issue of contributory negligence. The purpose of this evidence was to show due care on the part of the plaintiff. As the lack of care on his part could not have availed the defendant under the pleadings a mode of proving care, though in itself objectionable, was of no detriment to the company.

We find no error in the record, justifying or authorizing a reversal of the the judgment of the Circuit Court, and it is therefore affirmed.