(79 South. 356)

TAYLOR et al. v. JONES.   (6 Div. 813.)

(Supreme Court of Alabama.   June 27, 1918.)

1. JUDGMENT ⬚381 — VOID JUDGMENT — PURGING RECORDS OF COURT.
If a judgment, on its face or the face of its record, is void, it is a nullity; and, as it is calculated to mislead, the court, ex mero motu, or on motion of a stranger, or amicus curiæ, may purge its records of such void matter.

2. COSTS ⬚57—MOTION TO SET ASIDE JUDGMENT.
By Code 1907, § 4144, where motion to set aside judgment or decree is contested, the costs must be adjudged against the unsuccessful party.

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. APPEARANCE ⊚⇒15—LACK OF AUTHORITY IN COUNSEL—EFFECT ON JUDGMENT.

If counsel, who appeared for defendants in certiorari proceedings, had no authority to appear for any particular party, the fact did not make the judgment absolutely void on its face.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Petition by W. J. Jones against James Taylor and others, constituting the Commissioners' Court of Walker County, praying that a former order, rendered at a trial term on petition for certiorari, quashing the proceedings of the Commissioners' Court establishing a stock law district, be set aside. From the judgment or order denying the petition, petitioner appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

J. D. Acuff, of Jasper, for appellant. A. F. Fite, of Jasper, for appellees.

MAYFIELD, J. This is an unusual, if not an anomalous, proceeding. An election was held in beat 18, Walker county, under the general laws of this state, for the purpose of determining whether or not that beat should be declared a stock law district—that is, a district in which it should be unlawful for stock or domestic animals to run at large. By virtue of the election, and the order of the commissioners' court, such a district was so established.

One Jones, appellee here, a resident of the district, filed in the circuit court of Walker county a petition for certiorari to quash the proceedings in the commissioners' court establishing the district. The writ or allocatur issued, and the probate judge of the county, who is ex officio clerk of the commissioners' court, in response to the writ, sent up a certified copy of the proceedings, and also the original papers filed in that court to establish the district.

A hearing was had on the petition and the return thereto. Appearances by counsel for and against the petition for certiorari are shown. Testimony was heard for and against the granting of the petition; and after a full hearing the court found and adjudged that the proceeding in the commissioners' court was void, and quashed such proceeding, thus abolishing the stock law district, or annulling the proceedings establishing it.

No appeal was taken from this order. Four or five months thereafter, and after the term of the court at which the proceedings in the commissioners' court were quashed had expired, the appellant, a resident of the precinct, filed a petition in the circuit court, praying the court to set aside and annul its former order, rendered at a prior term, quashing the proceedings of the commissioners' court, on the ground that the proceeding in the circuit court was void on its face and of no effect. This was not a motion for a new trial, during the term, nor under the four-months statute. This petitioner was not a party to any of the proceedings. The circuit court entertained, but denied, his petition, and taxed him with the costs, and from the judgment or order to such effect petitioner prosecutes this appeal.

[1] Appellant seems to style himself an intervener, but when he filed his petition there was no pending proceeding, as to which he could intervene. It is very true that if a judgment, on its face or on the face of its own record, is absolutely void, it is a nullity, and that, as it is calculated to mislead and deceive the public, the court, ex mero motu, or on motion of a stranger or amicus curiæ, may purge the records of the court of such absolutely void and impertinent matters in former judgments, but in law and in fact nothing.

[2, 3] Conceding that appellant was a proper party to make this motion, and that the court properly entertained it under section 4142 of the Code, and that he has the right to appeal under section 4145 of the Code, we are clear to the conclusion that the trial court ruled correctly in denying appellant's motion and taxing him with the costs. Code, § 4144. The judgment of the circuit court, quashing the proceedings of the commissioners' court, was not void on its face. The petition for certiorari was ample to confer jurisdiction on the circuit court to act in the matter, and the record—even the minute entry of the judgment—shows that the defendants proceeded against made return to the writ, and that the court had before it the record of the commissioners' court; and it is made to appear by other parts of this record that even the original papers filed in the commissioners' court were before the circuit court, as well as a transcript of the record. It is also made to appear that the defendants in the certiorari proceedings appeared by counsel on the hearing. If they had no authority to appear for any particular party, that fact would not have made the judgment absolutely void on its face.

Whether section 4143 of the Code applies to proceedings commenced by petition, rather than by complaint, it is not necessary to decide, because, without the aid of this statute, we are not willing to hold that the judgment of the circuit court was void on its face, though it might have been erroneous. But as to this it is unnecessary to decide, and we do not even intimate that it was erroneous.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.