113 So.2d 347

J. F. COLQUETT et al.

v.

Jimmy D. WILLIAMS, pro ami, et al.

4 Div. 893.

Supreme Court of Alabama.

Feb. 12, 1959.

Rehearing Denied June 25, 1959.

See, also, 264 Ala. 214, 86 So.2d 381.

384

Frank J. Tipler, Jr., Andalusia, for appellee Williams.

Reid & Enzor, Andalusia, for appellee Hair.

Robt. B. Albritton, Albritton & Rankin, Andalusia, for appellants.

PER CURIAM.

The history of this controversy is set out in the opinion of the Chief Justice which appears below. In our opinion, the

facts there recited show that Colquett and Wishum are strangers to the proceeding in which the order or judgment sought to be subjected to examination here was made or rendered. Garrison v. Webb, 107 Ala. 499, 18 So. 297, 299. In the case just cited, it was said:

> " * * * We can no more revise or order the vacation of an interlocutory order, in which the parties thereto have acquiesced, by *mandamus*, at the instance of a stranger to the suit or proceeding, than we could entertain an appeal by him from the final judgment or decree."

To entitle Colquett and Wishum to the extraordinary writ of mandamus, they must show that they have a clear right to the performance of the act or duty demanded. Moseley v. Collins, 133 Ala. 326, 32 So. 131. In our opinion, they have shown no such right. We do not understand the case of Taylor v. Jones, 202 Ala. 18, 79 So. 356, to so hold.

The foregoing is sufficient to a decision on this appeal, but in view of the statement in the dissenting opinion that "the judgment rendered on March 29, 1955, was a valid and binding judgment," we deem it appropriate to express our views as to that judgment.

We think that judgment is void on its face. The case of Tennessee Coal, Iron & R. Co. v. Hayes, 97 Ala. 201, 12 So. 98, 103, cited by the Chief Justice, says of a prochein ami:

> " * * * He cannot release the cause of action, nor compromise it, nor submit it to an arbitration, the result of which will bind the infant. And being without power to compromise the cause of action, and the court having the power and being charged with the duty of controlling the suit to the protection of the infant's interest, an attempted compromise cannot have force and validity injected into it by his mere consent to a judgment for the amount

he has assumed to agree to receive in settlement of the cause of action. His mere consent is nugatory. It is as if it were not, and had never been. * *"

See Isaacs v. Boyd, 5 Port. 388.

Here we have a complaint which shows on its face that the minor, by next friend, is suing for one-half the damages claimed to have been sustained and a judgment conforming with the complaint. Both the complaint and the judgment show that they are attempts to compromise or release parts of a cause of action possessed by the minor, because the cause of action is split. If a plaintiff sues only for a part, he is precluded from thereafter maintaining another action for the other portion. 1 C.J.S. Actions § 102f, p. 1311. In Steiglider v. Missouri Pac. Ry. Co., 38 Mo.App. 511, it is said:

> " * * * The plaintiff must bring his whole complaint into court in one suit at one time,—that the cause of action then existing may be entirely considered and forever settled, that there may be an end to litigation. It is not meant by this rule that the plaintiff *must* join in one action every demand, which, under the rules of law, he *might* join, but it is only meant that, where he has but one cause of action, he shall have but the one chance to litigate. He cannot sue for a portion now, and a portion at some other time. He cannot, in an action for a wrong committed by the defendant, sue for, and recover, a portion of the damages resulting therefrom, and, then, at some future time, be permitted to complain of the same wrong, and recover other items of damage existing and known to such plaintiff at the institution of the former action. 'There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be.' Perry v. Dickerson, 85 N.Y. [345,] 347; Union R. R. & T[ransp.] Co. v. Traube, 59 Mo. [355,] 362. As said by the court in Laine v. Francis, 15 Mo.App. 107, 110: 'The general

rule, therefore, is that, if a party, having a cause of action which he may litigate and conclude in one suit, divide it, and sue and recover in respect of a part of it, this judgment concludes him as to the whole, and he cannot, therefore, sue as to the remainder.'
* * *"

Here, the complaint and the judgment in question clearly show that the minor has lost, from the beginning, the opportunity ever to have his full claim against the defendant Hair adjudicated. This operates to the injury and prejudice of the minor's rights and the judgment is void because the proceeding shows on its face that it is an attempt to compromise or reduce in half the minor's claim against Hair.

■ The judgment being void on its face, the trial court had the inherent right, at any time, to set the judgment aside on motion. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116 [6]; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915 [2].

Appeal dismissed and petition for mandamus denied.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.

SIMPSON, J., desires to limit his concurrence to the proposition that the judgment for $8,100 is void on its face.

LIVINGSTON, Chief Justice (dissenting).

This is an effort by J. F. Colquett and Thomas Wishum to review by appeal, or mandamus in the alternative, a judgment of the Circuit Court of Covington County, rendered on June 5, 1956, which set aside and vacated a former judgment of that court rendered March 29, 1955, on the ground that said former judgment was void. The judgment of March 29, 1955, was a final judgment in a suit for damages for personal injuries filed by Jimmy D.

Williams, a minor, suing by his next friend, his father, Jim Paul Williams, against one Herman Hair. Both the minor and the defendant Hair are appellees here.

On the 17th day of September, 1954, the appellee, Jimmy D. Williams, a minor, suing by his father and next friend, Jim Paul Williams, filed his suit in the Circuit Court of Covington County, Alabama, at law, seeking to recover damages from the appellants, J. F. Colquett and Thomas Wishum, and one Herman Hair as joint tortfeasors for certain alleged injuries received by the plaintiff as the proximate result and consequence of the alleged negligence of the defendants in and about the operation of their respective automobiles. That suit was styled "Jimmy D. Williams, a minor, suing by his father and next friend, Jim Paul Williams, plaintiff, v. Herman Hair, individually and trading and doing business as Star Cleaners, J. F. Colquett and Thomas Wishum, etc., defendants, and Numbered 407," on the Circuit Court docket.

Thereafter, and within the time allowed by law, the defendants filed responsive pleadings in said cause. Prior to the trial of the case, on the 19th day of March, 1955, appellants propounded interrogatories to the codefendant Herman Hair, and on the 24th day of March, 1955, propounded interrogatories to the plaintiff seeking to elicit information as to a settlement or accord and satisfaction between the plaintiff and codefendant Herman Hair. Shortly prior to the trial of the case, the plaintiff amended his complaint by striking codefendant Herman Hair and amending the complaint so as to state a cause of action against the remaining defendants.

On March 29, 1955, the day following the filing of the amended complaint and prior to the trial of said cause No. 407, the plaintiff filed a separate suit against the defendant Hair alone in the Circuit Court of Covington County, Alabama, and on the same cause of action. On the same day, the defendant Hair filed his answer to said

suit, and on the same day the court entered a final judgment against the defendant Hair for the sum of $8,100 damages for the same injuries claimed in said Case No. 407.

On the same day of the rendition of said judgment in Case No. 593, the court overruled these appellants' motion to require answers to the interrogatories heretofore referred to, and thereupon appellants filed their petition in this court praying for the issuance of its alternative writ of mandamus or rule nisi commanding Honorable B. W. Simmons, as Judge of the Circuit Court of Covington County, Alabama, to enter an order requiring the said plaintiff and the said codefendant Herman Hair to answer said interrogatories. The style of said proceeding was "Ex parte J. F. Colquett and Thomas Wishum, in re J. F. Colquett and Thomas Wishum v. Honorable B. W. Simmons as Judge of the Circuit Court of Covington County, Alabama." The record of that proceeding in this court is referred to and incorporated herein as a part of the record in this case. On the 31st day of March, 1955, this court granted said petition and issued an alternative writ as prayed for, commanding the said Honorable B. W. Simmons as Judge of that court to forthwith enter an order requiring the plaintiff and the said Herman Hair to answer the separate interrogatories propounded to each of them by J. F. Colquett and Thomas Wishum or to appear and show cause before this Court on Thursday of the next call of the Third Division on the 12th day of May, 1955, at ten o'clock a. m., and show cause why the writ of mandamus should not issue to him as prayed for in said petition. Thereafter, on to wit, April 2, 1955, Honorable B. W. Simmons as Judge of the Circuit Court of Covington County, Alabama, issued an order, pursuant to said writ, commanding the parties to answer such interrogatories and they did answer the same, and, among other things, denied that there was any agreement, understanding or accord, or settlement between the plaintiff on the one hand, the defendant Herman Hair or his attorney of record or his insurance company on the other, involving the full or partial satisfaction of plaintiff's injuries forming the basis of said suit.

Thereafter, said Case No. 407 proceeded to trial before a jury and on April 6, 1955, a judgment based on the verdict was entered in favor of the plaintiff (appellee) and against the defendants (appellants) in the amount of $12,000. In due course, said defendants perfected their appeal to this Court and this Court reversed the said judgment and remanded the cause to the Circuit Court of Covington County for further proceedings. See Colquett v. Williams, 264 Ala. 214, 86 So.2d 381. Thereafter, Case No. 407 came on to be heard before a jury, and on the 4th day of May, 1956 a judgment was rendered against the defendants (appellants here) and in favor of the plaintiff (appellee here) in the sum of $5,000. No motion for a new trial was filed by the defendants, nor was an appeal from said judgment taken.

On the 5th day of June, 1956, and more than one year subsequent to the rendition of the final judgment in favor of the plaintiff and against the defendant Herman Hair in said separate Case No. 593, plaintiff's and defendant's respective attorneys of record jointly filed their motion in said cause seeking to have said final judgment set aside by consent and to restore said cause to the trial docket. On the same day, the court entered a judgment granting said motion, setting aside said final judgment of March 29, 1955, and restoring the case to the trial docket.

On June 9, 1956, the plaintiff (appellee here) acting through his attorney of record in said cause, filed his motion to dismiss said cause out of court without prejudice, and on the same day the court entered a judgment dismissing said cause without prejudice.

On June 14, 1956, these appellants filed their motion in said cause praying that the court's said judgments of June 5th and June 9th be vacated and set aside on the

grounds (1) that the same were null and void on the face of the record for that more than one year had elapsed since the rendition of the final judgment in said cause and that the court was without jurisdiction to either entertain the joint motion of the plaintiff and the defendant to vacate the said judgments or to enter its said judgments of June 5th and June 9th (1956), and (2) that if mistaken in this, that the action of the court complained of was a manifest abuse of discretion on the part of the trial court. The history of the two cases and the matters complained of are set forth at length in said motion. Both the plaintiff and the defendant Hair filed their respective motions to strike appellants' motion.

On June 30, 1956, the court rendered its judgment granting the motion of the plaintiff and the defendant Hair to strike appellants' motion. Thereupon, appellants duly perfected their appeal from said judgment to this Court.

The appellants, being evidently uncertain as to whether appeal was the proper method of securing a review of the proceedings had on appellees' motion to set aside the judgment of March 29, 1955, have presented this case in this court both by appeal and on petition for mandamus. Inasmuch as appellants' effort is to have an alleged void order or judgment annulled, on the ground that the court had lost jurisdiction of the cause at the time the alleged void order or judgment was pronounced, I am of the opinion that mandamus, not appeal, was, and is, the appellants' proper remedy. Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425; Ex parte Phillips, 231 Ala. 364, 165 So. 80; Crabtree v. Miller, 229 Ala. 103, 155 So. 529.

The petition for mandamus, here presented, is supported by a duly authenticated transcript of all the proceedings in said cause necessary or proper to a determination of the matters involved. We are, therefore, authorized to consider and determine the questions presented for review.

McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So.2d 499; Ex parte Phillips, supra.

This is indeed an unusual case. The appellants who seek to have an alleged void judgment or order set aside were not parties to the suit in which the judgment or order was rendered. Can they then attack a judgment of the court on the grounds that it is void? The question is not free from difficulties. So far as I know, only one other case of its kind has been before this Court. In Taylor v. Jones, 202 Ala. 18, 79 So. 356, 357, the court said:

> " * * * It is very true that if a judgment, on its face or on the face of its own record, is absolutely void, it is a nullity, and that, as it is calculated to mislead and deceive the public, the court, ex mero motu, *or on motion of a stranger or amicus curiae,* may purge the records of the court of such absolutely void and impertinent matters in former judgments, but in law and in fact nothing." (Emphasis supplied.)

The rule is that joint tort-feasors are jointly and severally liable for all the damages which accrue to the plaintiff, and although plaintiff may sue the joint tort-feasors separately and acquire judgments against each of them the satisfaction of one judgment is the satisfaction of all claims. Therefore, it seems clear to me that each joint tort-feasor, where sued separately, is interested in the satisfaction of the judgment rendered against the other tort-feasor. For this reason, I think Colquett and Wishum had an interest in the Hair judgment to the extent, at least, of maintaining this proceeding.

The question then is whether or not the judgment of June 5, 1956, setting aside the judgment of March 29, 1955, is void on its face or on the face of its own record. This necessarily includes a determination of the validity of the judgment of March 29, 1955. If the judgment of March 29, 1955, is void, then the judgment of June 5, 1956, is valid.

Indeed, it was the duty of the court to set aside a void judgment. If the judgment of March 29, 1955, is valid, then the judgment of June 5, 1956, must fall, inasmuch as the circuit court lost jurisdiction of the judgment after 30 days. Title 13, Sec. 119, Code of Alabama 1940.

The judgment of March 29, 1955, is attacked on grounds: (1) the complaint on which it was based did not state a cause of action, and (2) that inasmuch as the suit was by a minor, the circuit court is without jurisdiction to render a judgment based on a compromise between plaintiffs' counsel or next friend and the defendant. Each will be considered in turn.

If a complaint does not state a cause of action, a judgment based thereon is void on its face, and a motion to expunge it is the proper remedy and should be filed in the court rendering the judgment and without limit of time. Cleveland v. Cleveland, 263 Ala. 530, 83 So.2d 281; Cleveland v. Cleveland, 262 Ala. 90, 77 So.2d 343. Title 7, Sec. 570, Code of 1940.

I set out the complaint, omitting the style of the cause on which the judgment of March 29, 1955, was based:

"Plaintiff claims of the defendant the sum of Thirty-Nine Thousand ($39,-000) Dollars as one-half of his damages for that heretofore, to wit, on the 31st day of August, 1954, the plaintiff was riding on a bicycle along or upon a public street, in the City limits of Andalusia, Alabama, viz: East Three Notch Street, approximately 50 yards east of the intersection of East Three Notch Street, and Court Square in Andalusia, Alabama, being on U. S. Highway 29, a public highway in Covington County, Alabama, where he had a right to be, and the defendant, at said time and place was operating a motor vehicle, on said public street and highway, and on said occasion the defendant, negligently caused or allowed the said motor vehicle he was operating then and there, to run into, on, over or against the bicycle being ridden by the plaintiff, and thereby, and as the proximate consequence thereof, the plaintiff received severe injuries in this to wit, he suffered a broken leg; he suffered a broken pelvis; he suffered great and permanent injury to his leg and body, he was bruised and lacerated about the body; he was internally injured; he suffered and continues to suffer great mental anguish and physical pain, he was made sick, sore and lame; he was injured in and about every part of his body; he was permanently injured; he lost much time from school; he was rendered permanently less able to work and earn a living in the future; for one-half which he claims damages as aforesaid, pro tanto against Herman Hair reserving any claim for said injuries and damage against any other person or corporation that may be liable therefor. The plaintiff avers that on said occasion the defendant negligently caused or allowed the motor vehicle he was operating to run into, on, or against the bicycle being ridden by plaintiff, as aforesaid, and as a proximate consequence of said negligence of said defendant, plaintiff suffered one-half of said injuries and damage, wherefore he sues, for one-half of said injuries and damage from this defendant."

From a reading of the complaint upon which the judgment of March 29, 1955, is based, I cannot say that it does not state a substantial cause of action. I have been cited to no case, nor has my research revealed a case in this jurisdiction or any other jurisdiction, where the plaintiff in an ex delicto action has been content to specifically sue for one-half his damages. Laying to one side the question as to the result of a subsequent suit against the same defendant to recover the other half of his alleged damages, I can perceive of no good reason in logic or in law that a plaintiff cannot sue to recover one-half his damages.

It is stated in 1 C.J.S. Actions § 102, pp. 1310–1311, in respect to splitting causes of action, that:

"The rule does not prevent plaintiff from suing for a part of a single cause of action; it applies only where the claims or demands are divided and made the basis of several actions; and if he does sue for a part, it merely precludes him from thereafter maintaining another action for the other portion. * * *"

As I have hereinabove shown, a plaintiff can declare for half of his damages and have a valid judgment rendered for that amount if he sees fit. I can conceive of no logical reason why an infant plaintiff suing by his next friend is not bound in the same way.

The next objection raised is that the circuit court is without authority to render judgment based on a compromise of the claim of a minor. Admitting this to be true, for the sake of argument, this is not the case here. The judgment entry recites that issue was joined on defendant's pleas 1 and 2. The court heard the evidence and rendered judgment based on the evidence. The judgment itself clearly and emphatically refutes the idea of a compromise of an infant's claim. The judgment entry in this case reads as follows:

"Case No. 593

"This day came the parties in the foregoing cause, both being represented by counsel who were present, and agreed that the court, without the aid of a jury, proceed at once to hear this cause and render final judgment; and issue being joined between the parties by pleas one and two filed to the complaint, the court proceeded to hear the evidence pursuant to said issued joined. The court is of the opinion that the plaintiff is entitled to recover of the defendant the sum of $8100.00 as pro tanto damages claimed in the complaint.

"It is therefore considered, ordered and adjudged as follows: (1) that plaintiff have and recover of the defendant the sum of $8100.00 which the court finds to be one-half of the damages suffered by the plaintiff as alleged in the complaint; (2) that plaintiff have and recover of the defendant all his costs in this behalf expended; (3) let execution issue for the collection of said judgment and costs.

"Done in office on this the 29th day of March 1955."

It was said in Tennessee Coal, Iron & Railroad Co. v. Hayes, 97 Ala. 201, 12 So. 98, 102:

" * * * In theory, a prochein ami is an officer of the court in which a minor sues by him. His only functions are to put his capacity to sue in the place of the infant's incapacity, and thus to set the machinery of justice in motion. The court is not asked to pass upon any right of his, for he has no rights in the premises, but only to determine the claims of the minor which he perfunctorily brings before it. The character of the necessity for his appearance marks the limitations of his powers. The minor cannot get before the court without him, the jurisdiction of the court to hear and determine the cause of action can only be invoked by him, and it is therefore necessary that he should appear. But having appeared, this necessity having been met, the court, having before it a person speaking for the minor, of a competency which is lacking in the minor, proceeds to determine the rights of the minor, as between him and the defendant. The next friend has no interest in the result of the proceeding. It is of no consequence to him whether a recovery be had or not, nor whether the amount of recovery be great or small. His being an officer of the court is a basis for the court's powers over him in the litigation. His lack of interest in the result is a reason for

the exercise of that power, the basis of the doctrine of his want of control over the litigation. He cannot release the cause of action, nor compromise it, nor submit it to an arbitration the result of which will bind the infant. And being without power to compromise the cause of action, and the court having the power and being charged with the duty of controlling the suit to the protection of the infant's interest, an attempted compromise cannot have force and validity injected into it by his mere consent to a judgment for the amount he has assumed to agree to receive in settlement of the cause of action. His mere consent is nugatory. It is as if it were not and had never been. The court may, upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for the amount so attempted to be agreed upon, but this not because of the agreement at all,—that should exert no influence,—but because it appears from the evidence that the amount is just and fair, and a judgment therefore, will be conservative of the minor's interests. * * *"

I think I have demonstrated that the judgment rendered on March 29, 1955, was a valid and binding judgment. The motion to set this judgment aside was filed some 14 months after the judgment was rendered. Title 13, Sec. 119, Code of 1940, provides, in pertinent part, as follows:

"§ 119. Execution on judgment; new trial must be asked in thirty days. —After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *."

It was said in Pate v. State, 244 Ala. 396, 14 So.2d 251, 253, as follows:

"In dealing with these statutes in respect to the finality of judgments and the plenary power of the court to set aside and vacate them, the weight of our decisions is to the effect that if motion is not made during the term [30 days], and called to the attention of the court and continued to the next term or a future day, the power of the court to vacate or set aside the judgment is forever lost, and this loss of power cannot be waived. Hence further proceedings seeking to invoke the plenary power of the court to that end are coram non judice and void. Southern Ry. Co. v. Griffith, 177 Ala. 364, 58 So. 425; Patterson v. State, 229 Ala. 270, 156 So. 567; Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; Ex parte Howard (Howard v. Ridgeway), 225 Ala. 106, 142 So. 403."

This court has held that when a circuit court has lost jurisdiction by failure to enter an order within 30 days continuing a motion for hearing at a future date, as required by statute, the parties cannot confer jurisdiction by consent. Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

I have shown that the order or judgment of June 5, 1956, setting aside the judgment of March 29, 1955, is void and of no effect and should be expunged from the record.

In my opinion, the writ of mandamus should issue as prayed for. I, therefore, respectfully dissent.