MADDOX, Justice.
This appeal questions the validity of the settlement of a personal injury claim entered into by the plaintiff’s guardian and next friend, Barbara H. Henderson, and the defendant, Illinois Central Gulf Railroad Company.
Plaintiff, Frederic L. Henderson, was a passenger in an automobile which collided with a train on November 14, 1975. As a result of the severe injuries he sustained in the accident, Henderson was declared a non compos mentis. His wife, Barbara Henderson, was appointed as guardian and she filed this suit on January 23, 1976.
The case was set for trial on October 18, 1976. Prior to trial, the attorneys conducted settlement negotiations and it was agreed between them that the case would be settled for $30,000. Circuit Judge Edgar P. Russell, Jr., conducted a hearing on the settlement agreement.
Barbara Henderson was called as a witness by the plaintiff and testified that she was the plaintiff’s wife and guardian and that he had been involved in an automobile-train accident; that he was hospitalized and was confined to a wheelchair. She further testified that she had authorized Richard Shelby to settle the lawsuit for $30,000, and when asked by the court:
“Do you feel like a judgment in the amount of thirty thousand dollars in view of all the circumstances of which you have been made aware, all the aspects of this case — do you feel that it is in his best interest to agree to that thirty thousand dollar judgment rather than take a chance of what you might, or might not, get if the case went to trial.”
She responded:
“From what I heard here today, yes.”
Before entering a judgment, the trial judge heard the testimony of several witnesses and the depositions of other witnesses were also introduced. The parties, as well as the court, questioned plaintiff’s wife, Barbara Henderson, concerning the settlement offer and the record reflects that an extensive discussion of the settlement was held in the trial judge’s chamber. The trial judge approved the settlement offer, and made a notation of the judgment on his bench notes.
On November 18, 1976, Mr. James M. White, who had been appointed guardian ad litem for Frederic L. Henderson by the *1013 probate court of Bibb County, filed a motion for a new trial. The said guardian ad litem alleged in his motion that the agreement entered into for the sum of $30,000 was grossly inadequate to compensate the plaintiff for his injuries. On November 19, 1976, the defendant filed a motion to strike or deny plaintiff’s motion for a new trial alleging that the time for a motion for new trial had expired. On the 22nd day of November, 1976, the trial court entered the following Order:
“WHEREAS, on the 18th day of October, 1976, in open court, the Attorneys for the Plaintiff and the Attorneys for the Defendant agreed to a Consent Judgment in the above styled cause for the Plaintiff and against the Defendant in the amount of Thirty Thousand Dollars ($30,000.00); and further, at the time of the above agreement, a memorandum or notation of such Consent Judgment was made on bench notes of said agreement and entry of said Judgment. It is, therefore,
“ORDERED, ADJUDGED AND DECREED by this Court that the Clerk of this Court enter on the minutes of the Court nunc pro tunc a Judgment for the Plaintiff and against the Defendant in the amount of Thirty Thousand Dollars ($30,000.00); that the costs of this action be taxed to the Defendant; and further, that the records of this Court show that said Judgment was entered on the 18th day of October, 1976, as evidenced by the bench notes on record in this cause.
“DONE this the 22nd day of November, 1976.
/s/ Edgar P. Russell. Jr.
CIRCUIT JUDGE”
After the Court had heard the motion for new trial, it denied the motion on the ground that the time in which to file a motion for a new trial had expired.
The Plaintiff argues that the judgment entry and the Entry of Judgment Nunc Pro Tunc above-quoted are void and that the judgment on its face shows an apparent error. He says that it is evident from the entries of judgment that the judgment was rendered pursuant to an agreement entered into between the attorneys for the plaintiff and defendant, and without a finding by the court that the settlement was in the best interest of the non compos mentis plaintiff.
He relies on Tennessee Coal, Iron & RR Co. v. Hayes, 97 Ala. 201, 12 So. 98 (1892), and Colquett v. Williams, 269 Ala. 383, 113 So.2d 347 (1959), arguing that a guardian cannot consent to a release nor submit to the arbitration or settlement of the claim of a non compos mentis; only the court, upon being advised of the facts and hearing evidence, may enter a valid judgment for the agreed amount if the same is determined to be just and fair and conservative to the ward’s best interest. We think the court followed the requirements of both cases. Henderson would have this court take Hayes and Colquett a step further by reading into those cases the requirement that the order or judgment specifically state that the sum agreed to is fair and just and conservative to the ward’s interest. The better procedure would be for the order to contain the determination made by the court, but the order is not void, if a court determination was, in fact, made.
A reading of the record before us shows that the trial court heard extensive testimony, and thereafter determined that the $30,-000 settlement was both fair and just. The mere fact that the court did not expressly state in its order that the required finding was made does not take away from the reality of the proceedings and determinations of the trial court. Our decisions do not require more.
In addition to his attack on the correction of the judgment, plaintiff argues that even assuming the judgment is valid, it is unfair and unjust and should be set aside. The determination of whether to grant or deny relief pursuant to Rule 60(b) is largely a matter within the judicial discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Wilger v. Department of Pensions & Security, 343 So.2d 529, 532 (Ala.Civ.App.1977). We are not persuaded that the trial court *1014 abused his discretion by refusing to set aside the $30,000 judgment as being unjust.
AFFIRMED.
FAULKNER, JONES, EMBRY and BEATTY, JJ., concur.