This is an appeal from an order denying plaintiff's motion to vacate and set aside a pro-ami consent judgment. We reverse.
The infant-plaintiff, Regina Abernathy, was admitted to Colbert County Hospital suffering from mild dehydration and a common gastric virus. In order to counteract the dehydration, Regina was given intravenous fluids through a blood vessel in her left arm. During the night these fluids infiltrated into the surrounding tissues of her arm. A nurse noticed this condition and made a written statement of the condition in an "incident report." She also reported the condition to the attending physician who told her to continue with the I.V. Soon thereafter Regina's arm became gangrenous and required amputation.
The plaintiff's parents then sought the advice of an attorney who in turn referred them to another attorney who specialized in *Page 1208 
the area of medical malpractice. Although he made four separate requests for the entire hospital record, he never received the nurse's incident report.
Based upon the information he did receive and consultation with medical experts on the issue of potential liability, the attorney declined the case.
Regina's parents then retained the attorney they had originally consulted. He filed suit through Regina's father and next friend, Roy Abernathy, on the theory that the gangrene had been caused by the tape becoming twisted around Regina's arm and not infiltration by the intravenous fluids.
Two counts were set forth in the complaint against the Hospital and Hospital Board: the first for negligent administration of medical treatment, and the second for breach of an implied contract by the hospital to provide proper medical care. This complaint was subsequently amended by dropping the tort count.
Based upon the hospital record received from the defendant, the plaintiff agreed to settle the case. The hospital's attorney prepared the pro-ami consent judgment and forwarded it to plaintiff's attorney for presentation to the court. This settlement provided that Regina was to receive $11,500 for the loss of her arm. The court entered judgment for this amount.
The validity of this consent judgment was challenged pursuant to Rule 60 (b), ARCP, by a motion to vacate. A full hearing was held on this motion. The court entered the following order denying plaintiff's motion:
 ORDER ON PLAINTIFF'S MOTION TO VACATE AND TO SET ASIDE PRO-AMI CONSENT JUDGMENT
 The above motion of plaintiff was heard by the Court on September 6, 1978, and the parties with their respective attorneys having been present in Court; a duly appointed Guardian ad Litem having been appointed by the Court for plaintiff and appearing and representing plaintiff at said hearing; and the Court having taken evidence in this cause and taken this matter under advisement and the matter now being considered and fully understood and the Court not considering any collateral matters and only considering this matter on its merits, the Court is of the opinion that said motion should be overruled.
 The Court is not convinced from the evidence to its reasonable satisfaction that any fraud, actual or constructive, was perpetrated on plaintiff, her next friend, her attorneys, or the Court, and finds that no such fraud was committed; that said "incident report" was not newly discovered evidence that could not have been discovered by reasonable diligence of counsel prior to entry of such judgment and so finds; that, in any event, defendants were cloaked in sovereign immunity on July 19, 1973, the date of the alleged injury, at the time of the filing of the initial complaint, on July 16, 1975, and at the time of said judgment on December 11, 1975, under the state of the law existing in Alabama at such times, and now; and that the pro-ami consent judgment was in the best interest of the minor plaintiff.
* * * * * *
Plaintiff contends that the pro-ami consent judgment is void since the settlement was summarily approved without a hearing.
This Court, in Tennessee Coal, Iron Railroad Co. v. Hayes,97 Ala. 201, 12 So. 98 (1892), considered the issue of whether a next friend has the right to compromise and settle a minor's claim. There the Court stated:
 * * * [The next friend] cannot release the cause of action, nor compromise it, nor submit it to an arbitration the result of which will bind the infant. And being without power to compromise the cause of action, and the court having the power and being charged with the duty of controlling the suit to the protection of the infant's interest, an attempted compromise cannot have force and validity injected into it by his mere consent to a *Page 1209 
judgment for the amount he has assumed to agree to receive in settlement of the cause of action. His mere consent is nugatory. It is as if it were not and had never been. The court may, upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for the amount so attempted to be agreed upon, but this not because of the agreement at all-that should exert no influence-but because it appears from the evidence that the amount is just and fair, and a judgment therefor will be conservative of the minor's interests. * * [Emphasis Added.]
97 Ala. at 209-210, 12 So. at 103.
That a hearing is required to determine whether a settlement is in the best interest of a minor is also set forth in 42 Am.Jur.2d Infants § 47 (1978), which states:
 According to a number of cases, a judgment entered on a compromise of an infant's claim is erroneous, and may be set aside where the court has made no examination or investigation of the facts to determine whether the compromise is for the best interests of the infant. Thus, it is a general rule that where a judgment is rendered for an infant in his action to recover damages for personal injuries, and there is no judicial investigation as to the merits of the claim, but the proceedings are merely formal for the purpose of carrying out a settlement or compromise of the action made without the consent of the court, even though the court acquiesces in the rendition of the judgment, relief may be had against the judgment.
The issue, therefore, is whether a hearing sufficient to meet the requirements for a valid pro-ami consent judgment was held.
The consent judgment does not contain a direct statement that a hearing had been held. However, it does reveal that the court was aware of the extent of Regina's injury. Regina's attorney testified that there was no hearing at the time of the settlement. He stated that there was a conference between the judge and himself, at which time the judge was informed of the agreement which Regina's attorney and the hospital's attorney had worked out. He did not recall presenting any evidence to the judge. We find that this conference was not sufficient to meet the requirements of a hearing for a valid pro-ami consent judgment, and that the judgment should have been set aside. Such a hearing requires a more extensive examination of the facts to determine whether the settlement is in the best interest of the infant than appears to have occurred here. Therefore, the lower court's judgment denying plaintiff's Rule 60 (b) motion is due to be reversed and the cause remanded. Our holding, however, is not to be construed as expressing an opinion on the merits of the minor's claim.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs in the result.