DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeanann Vossberg, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, dismissing her complaint. This Court reverses.
 I. {¶ 2} Appellant and Appellee, Stephen Vossberg, were divorced on August 2, 2001. Appellant appealed the initial divorce decree, but dismissed her appeal when the parties reached a settlement agreement. As a part of that agreement, Appellant would receive an additional $35,000 from Appellee. On October 18, 2002, the parties submitted an agreed entry to the trial court for approval of this aspect of their settlement agreement. The trial court, however, held that it had no jurisdiction to approve the post-decree settlement.
 {¶ 3} Appellant then sought enforcement of the settlement agreement in the Summit County Court of Common Pleas. Her complaint was dismissed by that court on November 12, 2003, for lack of jurisdiction. On November 20, 2003, Appellant re-filed her complaint in the Medina County Court of Common Pleas. In turn, the common pleas court transferred the complaint to the Domestic Relations Division. On May 27, 2004, the domestic relations court again held that it lacked jurisdiction over the parties' settlement agreement. Appellant timely appealed that judgment, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"The domestic relations court committed prejudicial error by refusing to sign the agreed order which related to the property division agreement reached between the parties subsequent to the filing of the final divorce decree by the court."
 {¶ 4} In her first assignment of error, Appellant argues that the trial court erred in failing to sign the parties agreed order which modified their settlement agreement. We decline to reach the merits of Appellant's first assignment of error.
 {¶ 5} App.R. 4(A) requires a party to file its notice of appeal within thirty days of the entry of judgment. By letter, which was journalized, the trial court refused to adopt the parties' proposed judgment entry on November 27, 2002. Appellant did not appeal from the judgment. Appellant did not file her notice of appeal until June 23, 2004, well beyond the thirty-day deadline of App.R. 4(A). Therefore, this Court does not have jurisdiction regarding the trial court's failure to approve the parties' proposed entry, and we decline to address Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred by dismissing appellant's complaint for money due and owing pursuant to the settlement agreement reached by the parties."
 {¶ 6} In her second assignment of error, Appellant asserts that the trial court erred in dismissing her complaint. Specifically, Appellant agues that the trial court did have jurisdiction to enforce the parties' post-decree settlement agreement. This Court agrees.
 {¶ 7} An appellate court reviews de novo a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1). Thomas v. O'Connor (Mar. 22, 2000), 9th Dist. No. 19538, at 3. Thus, this Court must decide whether Appellant's complaint alleged any cause of action which the trial court had authority to decide. Avco Financial Services Loan, Inc. v.Hale (1987), 36 Ohio App.3d 65, 67. We have previously addressed the issue of whether the domestic relations court has jurisdiction to enforce a post-decree settlement reached by the parties which modified their settlement agreement.
"Although the trial court cannot modify a division of property, the parties themselves may modify the property division. A trial court may enforce a post-decree modification agreed to by the parties. Such an order does not violate the principle that the court does not have jurisdiction to modify a property division." (Internal citations omitted.) Hale v. Hale (Jan. 26, 2000), 9th Dist. No. 2935-M, at 8.
 {¶ 8} In the instant matter, the parties agreed to modify the division of their property by providing Appellant an additional $35,000. As such, the domestic relations court could properly enforce their post-decree modification. Accordingly, Appellant's second assignment of error is sustained.
 III. {¶ 9} We decline to address Appellant's first assignment of error. Appellant's second assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Carr, J., Concur