**McGEE, Appellee,**

v.

**McGEE, Appellant.**

[Cite as *McGee v. McGee,* 168 Ohio App.3d 512, 2006-Ohio-4417.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008800.

Decided Aug. 28, 2006.

Stephen E. S. Daray, for appellant.

Patrick D. Riley, for appellee.

WHITMORE, Presiding Judge.

{¶ 1} Defendant-appellant, Kevin McGee, has appealed from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which sua sponte vacated the parties' agreed amended qualified domestic relations order ("QDRO"). This court reverses.

I

{¶ 2} Appellant and plaintiff-appellee, Lucy McGee, were divorced on August 5, 2003. Pursuant to the parties' property division, appellant was to receive 50 percent of the marital portion of appellee's retirement plan. Appellee's counsel prepared an appropriate QDRO, filed it with the trial court, and submitted it to the plan's administrator. The plan administrator responded, stating that the plan could not accept the QDRO. Specifically, the administrator noted that due to bookkeeping errors, the plan was unable to determine the amount of appellee's retirement plan that qualified as premarital. Accordingly, the plan administrator suggested two remedies: (1) the parties choose a date sometime after April 1,

2002, to determine the amount to be divided or (2) the parties set a sum certain to be divided equally.

{¶ 3} Appellant's counsel drafted an agreed amended QDRO and submitted it to appellee's counsel. The amended QDRO granted appellant a full 50 percent of appellee's pension, removing the difficulty in determining her premarital portion. Appellee's counsel signed the amended QDRO on behalf of his client and returned it to appellant. Appellant executed the amended QDRO on behalf of his client and filed it in the trial court on October 8, 2004. On November 22, 2004, the trial court signed the amended QDRO and issued notice of its approval to the parties. Neither party appealed from the amended QDRO.

{¶ 4} On April 14, 2005, appellee filed a motion to approve a first amended QDRO and requested a hearing. At the hearing, appellee testified that she had never intended to relinquish her premarital interest in her retirement plan. She stated that she had misread the amended QDRO that appellant's counsel had prepared. Appellee, however, admitted that she had authorized her counsel to sign the amended QDRO on her behalf. Following the hearing, the trial court found that since the parties had not agreed to amend their property division, it had lacked jurisdiction to approve the amended QDRO. Thereafter, the trial court sua sponte vacated the amended QDRO and set the matter for a hearing to determine the appropriate course of action. Appellant has timely appealed the trial court's entry vacating the amended QDRO, raising two assignments of error for review. For ease of analysis, we have consolidated appellant's assignments of error.

II

Assignment of Error Number One

The [trial] court abused its discretion in determining that the parties had not agreed to modify the terms of their property division when they entered into the agreed amended QDRO of October 8, 2004 because appellee's attorney was appellee's duly authorized agent and representative and his approving, signing, and submitting the agreed amended QDRO to the court was more than ample evidence that there was a modification.

Assignment of Error Number Two

The trial court lacked jurisdiction when it vacated the agreed amended QDRO of October 8, 2004 and further must enter judgment denying appellee's "motion to approve first amended [QDRO] for Marconi USA wealth accumulation plan" as a matter of law, because she never appealed the October 8, 2004 QDRO or

November 22, 2004 "notice of approval of QDRO" thus leaving the trial court without jurisdiction to rule upon said motion.

{¶ 5} In both his assignments of error, appellant has argued that the trial court erred in sua sponte vacating the parties' agreed amended QDRO. Specifically, appellant has asserted that the trial court had jurisdiction to approve the amended QDRO and therefore erred in later sua sponte vacating the order. We agree.

{¶ 6} As an initial matter, this court notes that appellee failed to file an appellate brief in the instant appeal. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [Appellant's] brief reasonably appears to sustain such action." *Bank of New York v. Smith*, 9th Dist. No. 21534, 2003-Ohio-4633, 2003 WL 22047636, at ¶ 2.

{¶ 7} A trial court has the inherent authority to set aside a void judgment sua sponte. *In re Witherell*, 9th Dist. No. 01CA007936, 2002-Ohio-2328, 2002 WL 1022998, at ¶ 8, citing *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. See, also, *Thomas v. Fick* (June 7, 2000), 9th Dist. No. 19595, at 4, 2000 WL 727531 ("Civ.R.60(B) is inapplicable in proceedings where the underlying order to be vacated is a void judgment"). "A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process." Id. at 5, 2000 WL 727531, quoting *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 468 N.E.2d 81.

{¶ 8} " 'It is only in instances in which the trial court lacks jurisdiction that a judgment is void * * *.' *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 148, 10 O.O.3d 158, 381 N.E.2d 1136. In all other instances, the trial court's decision is voidable * * *." Id. at 5, 2000 WL 727531. Pursuant to Civ.R. 60(B), the vacation of a voidable judgment must be done "by motion as prescribed in these rules." *Sweeney v. Sweeney* (Sept. 17, 1998), 10th Dist. No. 98AP–66, at 5, 1998 WL 635286 (Bryant, J., concurring in part and dissenting in part). Therefore, under the Rules of Civil Procedure, a trial court does not have the authority to sua sponte vacate a voidable judgment. Id.

{¶ 9} This court has previously determined that while the trial court cannot modify its property division, the parties themselves are free to modify the division by agreement. *Vossberg v. Vossberg*, 9th Dist. No. 04CA0053–M, 2005-Ohio-2408, 2005 WL 1162966, at ¶ 7, quoting *Hale v. Hale* (Jan. 26, 2000), 9th Dist. No. 2935–M, at 8, 2000 WL 109101. "A trial court may enforce a post-decree modification agreed to by the parties. Such an order does not violate the

principle that the court does not have jurisdiction to modify a property division." Id.

▮ {¶ 10} During the hearing below, the trial court found that it had lacked jurisdiction to enter the amended QDRO because appellee had not agreed to modify the parties' property division. The trial court's finding is unsupported by the record.

▮▮ {¶ 11} The attorney-client relationship is considered to be a limited agency. *Rosenberg v. Calderon Automation, Inc.* (Jan. 31, 1986) 6th Dist. No. L–84–290, 1986 WL 1290, at * 3. "The attorney has no implied power to do more than relates to the proper conduct of the suit, and cannot, without specific authority, bind the client[.]" Id. However, "[i]t is beyond question that a duly authorized attorney may enter into an agreed judgment entry the terms of which will be binding on his or her client." *Blankenship v. Blankenship* (Dec. 8, 1992), 4th Dist. No. 528, 1992 WL 368838, at * 2. See, also, *Doan v. Doan* (Oct. 7, 1997), 1st Dist. No. C–960932, 1997 WL 602881, at * 2, citing *McClure v. McClure* (1994), 98 Ohio App.3d 27, 34, 647 N.E.2d 832 ("It is also clear that where an authorized attorney enters into an agreed entry on behalf of a client, the terms of the entry will be binding upon the client").

{¶ 12} During the evidentiary hearing below, the following questioning of appellee took place:

Q. Yes or no. Did you give your counsel approval to execute the amended QDRO that is listed there and stamped October 8, 2004?

A. Yes, I did.

Appellee continued her testimony, noting that she had interpreted the agreed entry improperly and did not agree with its terms.

{¶ 13} Appellee's testimony, however, established that she gave her attorney specific authority to bind her to the agreed amended QDRO. Accordingly, pursuant to the limited agency established by the attorney-client relationship, appellee is bound to the terms of the amended QDRO. See *Doan*, supra. In addition, while Civ.R. 60(B)(1) speaks in terms of mistake to justify vacating a prior order, this court has found no authority that a party's mistaken belief can effect the jurisdiction of the trial court.

{¶ 14} The record demonstrates that appellee's counsel properly bound her to an agreed journal entry pursuant to a specific grant of authority. Assuming arguendo that appellee's testimony established her unilateral mistake, such a fact proves only that appellee mistakenly *agreed* to the amended QDRO. While appellee claims she did so in error, she does not dispute that she in fact agreed to the amended QDRO. Furthermore, Civ.R. 60(B) provides a mechanism for vacating a judgment that is allegedly the result of mistake, and appellee has

failed to avail herself of that mechanism. As the evidence before the trial court demonstrated that the parties, through their attorneys, agreed to modify their property division, the trial court had jurisdiction to approve the agreed amended QDRO. *Vossberg,* 2005-Ohio-2408, 2005 WL 1162966, at ¶ 7. Accordingly, the trial court's decision to vacate the amended QDRO for lack of jurisdiction was in error. Appellant's assignments of error, therefore, have merit.

### III

{¶ 15} Appellant's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

MOORE and BOYLE, JJ., concur.