THOMAS, Judge.
In October 2012, James Bearden (“the father”) filed a complaint in the Calhoun Circuit Court seeking a divorce from Jill Dorian DiGeronimo (“the mother”). The mother failed to timely answer the complaint after she was served, and the father moved for a default judgment. On May 3, 2013, the trial court entered a default divorce judgment (“the default divorce judgment”) in which it, among other things, awarded the father custody of the parties’ child.
On August 22, 2013, the mother filed a motion she entitled “Motion to Set Aside Default and Motion for Relief from Judgment” (“the mother’s Rule 60(b) motion”) in which she sought to have the default divorce judgment set aside.[1] The trial court set the mother’s Rule 60(b) motion for a hearing to be held on September 26, 2013. After that hearing, the trial court entered a divorce judgment on October 1, 2013 (“the October 2013 divorce judgment”), in which it specifically stated that the parties had agreed to set aside the default divorce judgment and that the parties had reached an agreement on the issues. That judgment further set out the agreement of the parties regarding, among other things, custody of the child, which was awarded to the mother, and set out a specific visitation schedule for the father.
On October 23, 2013, the parties filed with the trial court child-support-guideline forms and a document containing both typed and handwritten information pertaining to the parties’ divorce agreement bearing the initials of the father and the signature of the mother on each page. On October 30, 2013, the father filed a Rule 59, Ala. R. Civ. P., motion in which he argued that the mother, who resides in .New Jersey, had not remained in Alabama long enough to sign the divorce agreement drafted by the father’s attorney. He also complained that the mother had refused to comply with the custody and visitation aspects of the October 2013 divorce judgment. The father requested that the trial court set aside the October 2013 divorce judgment and reinstate the provisions of the default divorce judgment. The State Judicial Information System case-action-summary sheet reflects that a hearing was scheduled for December 19, 2013, but the record also contains a motion to continue that hearing; the record does not defini *965 tively reflect that the December 19, 2013, hearing was held. The record contains no ruling on the father’s postjudgment motion, which was, therefore, denied by operation of law on January 28, 2014. See Rule 59.1, Ala. R. Civ. P.
On December 16, 2013, the father filed a “motion to produce the child” in which he alleged that he had not seen the child since the parties separated in July 2012. The following day, the father filed an ex parte petition seeking custody of the child, which the father supported by an affidavit in which he stated that he had attempted to make travel arrangements for the November visitation outlined in the October 2013 divorce judgment, that the mother had failed to show up for the flight the father had arranged, and that he had therefore not had any visitation with the child. The father further averred that the mother had suffered from both psychiatric and drug-use issues in the past and that he feared for the child’s safety in her care.
On February 24, 2014, the father filed a motion seeking to hold the mother in contempt for failing to comply with the October 2013 divorce judgment. In his motion, the father sought to have the mother held in both civil and criminal contempt for preventing him from exercising his visitation rights. The father specifically sought $664.60 in reimbursement for the expenses he had incurred when he had made travel arrangements for the mother and the child in November 2013. The trial court set the contempt motion and the custody petition for a trial to be held on May 30, 2014.
On March 31, 2014, the father again filed a “motion to produce the child.” On April 3, 2014, the trial court entered an order granting what it described as a “motion to have child present at trial”; no such motion appears in the record. The April 3, 2014, order instructed the mother to bring the child with her to the scheduled trial on May 30, 2014.
On April 22, 2014, the mother, acting pro se, filed a response to the father’s contempt motion and a response to what she described as his “motion to reinstate default judgment,” which, we believe, was the father’s postjudgment motion. In her response to the father’s contempt motion, the mother explained why she had failed to comply with the visitation provisions of the October 2013 divorce judgment. The mother also alleged in her response that the father was in contempt for failing to comply with the visitation provisions of the October 2013 divorce judgment and for failing to pay child support. Although the record does not contain the motion, it appears that the mother also filed a motion seeking to appear at the May 30, 2014, trial by telephone. The trial court denied that motion on May 23, 2014.
On May 30, 2014, the trial court entered an order in which it awarded custody of the child to the father.[2] The order further found the mother in both civil and criminal contempt for her failure to abide by the visitation provisions of the October 2013 divorce judgment, awarded the father a judgment of $664.60 in reimbursement of travel expenses, found the mother in direct contempt of the April 3, 2014, order requiring the mother to produce the child at trial, fined the mother $500 for that direct contempt, denied the mother’s “petition for contempt,” and awarded the father a $2,500 attorney fee.
*966 On July 8, 2014, the mother filed, through counsel, a motion to reconsider the May 30, 2014, order. The trial court set the mother’s motion for a hearing to be held on July 28, 2014. Although it appears that the trial court held that hearing, the trial court entered no order on the mother’s motion. On September 12, 2014, the mother filed-a “motion for immediate ■ relief” in which she alleged that the parties had been unable to agree on the terms of a temporary order regarding custody of the child as they had been ordered to do at the July 28, 2014, hearing. The mother also complained that she had not been provided contact information for or welfare information about the child, that she had had only minimum contact with the child, and that she had not been permitted to visit with the child other than a few hours on July 29, 2014. She sought an order requiring that she be provided contact information for the child, that she be provided access to certain medical records of the child, and that she be permitted to exercise a two-week visitation period purportedly awarded to her by the trial court at the July 28, 2014, hearing. The father responded to the mother’s motion, denying her allegations that she did not have contact information or that her contact with the child had been limited.
On December 4, 2014, the mother filed a “motion fof visitation.” In that motion, the mother complained that the May 30, 2014, order had failed to set out a penden-te lite visitation schedule for the mother. On December 10, 2014, the trial court entered an order setting out a Christmas visitation schedule for the mother; the mother was required to exercise that visitation under supervision in Alabama. The order further set the case for a trial to be held in February 2015.
On February 6, 2015, the mother filed a motion seeking the recusal of -the trial judge, Laura B.. Phillips. Despite the father’s objection, Judge Phillips recused herself by an order dated February 9, 2015. The case was assigned to Judge Peggy Lacher.
On April 3, 2015, the trial court entered an order in which it summarized the procedural history of the case and stated that it was unclear about what matters were pending. The trial court ordered that an April 20, 2015, trial setting would be converted to a hearing at which the trial court would hear arguments concerning what matters were pending. In its rendition of the procedural history, the trial court stated its belief that the October 2013 divorce judgment had failed to resolve the mother’s Rule 60(b) motion. The mother moved the trial court, under Rule 60(a), Ala. R. Civ. P., to correct as a “clerical error” the failure of the October 2013 divorce judgment to specifically state that the Rule 60(b) motion had been granted; the trial court did not rule on that motion. Both parties submitted memorandum briefs to the trial court in support of their respective positions on which judgment or order of the trial court was operative and what matters remained pending and within the jurisdiction of the trial court.
On April 21,'2015, after the hearing, the trial court entered an order (“the April 2015 order”) again outlining the procedural history of the case and concluding, among other things, (1) that the trial court had accepted a “stipülated” judgment of divorce without having taken testimony regarding the grounds' for the divorce and that, therefore, the October 2013 divorce judgment was void, (2) that the trial court had not ruled on the mother’s Rule 60(b) motion for relief from the default divorce judgment, (3) that the mother’s Rule 60(b) motion was due to be granted, and (4) that the divorce action would be set for trial. *967 The trial court “certified” the April 2015 order as follows:
“Since this ruling involves a controlling question of law as to which there is substantial ground for - difference of opinion; since the [mother] has indicated a desire to appeal this ruling; since an immediate appeal from this Order would materially advance the ultimate resolution of litigation and since an appeal could potentially avoid protracted and expensive litigation, and since this ruling shifts the burden of proof on a custody issue from [Ex.parte] McLendon [, 455 So.2d 863 (Ala.1984),] (either in favor of the [father] pursuant to the [default divorce judgment] or in favor of the [mother] pursuant to the [October 2013 divorce judgment]) to a best interest standard this ruling regarding the validity of the [default divorce judgment] and the [October 2013. divorce judgment] are hereby CERTIFIED, should the [father] or [the mother] elect to appeal the same prior to the final disposition of this matter.”
The mother filed a notice of appeal on May 7, 2015. She seeks review of the trial court’s conclusions in the April 2015 order that the October 2013 divorce judgment failed to resolve the mother’s Rule 60(b) motion and that the trial court had jurisdiction to enter any further orders after the denial by operation of law of the father’s October 30, .2013, postjudgment motion.
The mother’s appeal is not the appropriate vehicle to seek review of the trial court’s April 2015 order. The mother argues that the trial court lacked subject-matter jurisdiction to enter orders concerning the custody of the child after the October 2013 judgment became final. “‘[T]he question of subject-matter jurisdiction' is reviewable by a petition for a writ of mandamus.’” Ex parte Siderius, 144 So.3d 319, 323 (Ala.2013). (quoting Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000)).. Because we conclude that the trial .court lacked jurisdiction to resolve the mother’s Rule 60(b) motion and to consider the . validity of the October 2013 divorce judgment in its April 2015 order, as we will explain below, we exercise our prerogative to treat the mother’s appeal as a petition for the writ of mandamus. Ex parte Punturo, 928 So.2d 1030, 1031 (Ala.2002) (treating an appeal from an interlocutory order as a petition for the writ of mandamus because the appellant/petitioner argued that the trial court’s order was void for lack. of subject-matter jurisdiction). .
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order -sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do-so; (3) the lack of another adequate remedy; and, (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
The mother argues that the trial court lacked jurisdiction to enter any order or judgment after the father’s October 30, 2013, postjudgment motion directed to the October 2013 divorce judgment was denied by operation of law.[3] The trial court de- *968 termined that it had jurisdiction to consider the mother’s Rule 60(b) motion because, the trial court concluded, the October 2013 divorce judgment failed to resolve that motion. However, our reading of the October 2013 divorce judgment convinces us that, as the mother contends, the substance of that judgment indicated a clear intent to set aside the default divorce judgment, as requested in the mother’s Rule 60(b) motion. The October 2013 divorce judgment states that “[t]he parties have agreed to set aside the Default [divorce] Judgment and the Income Withholding Order previously entered on May 3, 2013....” This statement complies with Rule 58(b), Ala. R. Civ. P., which does not require “formal language” or “particular words of adjudication” in a judgment and instead requires only that a judgment “indicate[ ] an intention to adjudicate, consideiing the whole record, and ... indicate[ ] the substancé of the adjudication.” The intent of the trial court’s October 2013 divorce judgment was abundantly clear: the default divorce judgment was set aside on the agreement of the parties and a new divorce judgment was entered in its place. Thus, the trial court erred in determining that the mother’s Rule 60(b) motion had not been adjudicated and that that motion was still pending before it.
We turn now to the trial court’s determination that the trial court failed to take evidence of the grounds for the divorce, thus rendering the October 2013 divorce judgment, in the trial court’s opinion, void. Without question, a court is bound to notice a lack of jurisdiction sua sponte. International Longshoremen’s Ass’n v. Davis, 470 So.2d 1215, 1216 (Ala.1985) (“[I]t is incumbent upon the court to notice subject matter jurisdiction sua sponte.”). However, the trial court is incorrect in its conclusion that the October 2013 divorce judgment was void. A trial court’s failure to take testimony or other evidence regarding the grounds for a divorce does not render a divorce judgment void. See Nelson v. Moore, 607 So.2d 276, 277 (Ala.Civ.App.1992) (citing Johnson v. Johnson, 182 Ala. 376, 62 So. 706 (1913)) (“[A] divorce decree, even if procured by the collusion of the parties, is not void, and neither party is entitled to have the decree set aside on that ground.”). Instead, on direct appeal, we have reversed such judgments because they were entered without statutory authority. See id.; see also Dubose v. Dubose, 132 So.3d 17, 21 (Ala.Civ.App.2013). Thus, the October 2013 divorce judgment was not void.
A trial court has the authority to alter, amend, or vacate a judgment on its own motion within 30 days after the entry of that judgment. Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala.2008). In addition, “a trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party’s Rule 59(e) motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion.” Henderson v. Koveleski, 717 So.2d 803, 806 (Ala.Civ.App.1998). However, a trial court *969 lacks jurisdiction to modify or vacate a judgment more than 30 days after the entry of the judgment, after any request for postjudgment relief has been denied, and when no motion seeking postjudgment relief under Rule 59 or Rule 60 is pending. Ex parte State Dep’t of Human Res., 47 So.3d 823, 830 (Ala.Civ.App.2010).
At the time the trial court entered its April 2015 order determining that the October 2013 divorce judgment was void, no pending motion had invoked its jurisdiction. Thus, the trial court’s determination was made sua sponte at a point when it had no jurisdiction to act. We conclude, therefore, that the trial court could not declare the October 2013 judgment void or otherwise set aside that judgment in its April 2015 order.
The effective judgment in this case is the October 2013 divorce judgment. The trial court is therefore instructed to set aside all orders in case number DR-12-900777 entered after October 1, 2013, including its order of April 2015, and to end all proceedings in case number DR-12-900777.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
DONALDSON, J., concurs specially.

.' The mother’s motion does not indicate which subsection of Rule 60(b), Ala. R. Civ. P., she relied upon; however, the mother alleged that the father’s attorney had been in communication with the mother's New Jersey attorney, that the parties had been attempting to settled the case, and that her New Jersey attorney did not inform the mother that the father’s attorney had indicated that she would file a motion for a default judgment if the mother did not appear in the Alabama action. Thus, we construe the motion as seeking relief under Rule 60(b)(1), based on inadvertence or excusable neglect. See Burleson v. Burleson, 19 So.3d 233, 239 (Ala.Civ.App.2009) ("A motion to set aside a default judgment due to excusable neglect is a Rule 60(b)(1) motion, even if not denominated as such by the mov-ant.”).

. The trial court entered an amended order on June 3, 2014, to correct a clerical error in the May 30, 2014, order. Because a Rule 60(a), Ala. R. Civ. P., correction relates back to the date of the original order, the operative order was the May 30, 2014, order. Swindle v. Swindle, 157 So.3d 983, 990 (Ala.Civ.App.2014).

. The mother also contends that the trial court lacked jurisdiction to act on the father’s ex parte petition for custody, which was, in essence) a petition to modify custody, and his motion for contempt, which should have been a new petition seeking to hold the mother in contempt for failing to comply with the October 2013- divorce judgment. As the trial court correctly determined in its April 2015 order, both of the father’s pleadings should have instituted new actions, complete with service of process and the payment of a filing fee. *968 See Hall v. Hall, 122 So.3d 185, 192 (Ala.Civ.App.2013) (determining that a trial court lacked jurisdiction over a contempt claim arising from an alleged violation of the divorce judgment because the husband had failed to pay a filing fee to initiate a contempt action); Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (determining that the trial court lacked jurisdiction to decide a request for modification of custody because the father had not paid a filing fee or served the mother with process to institute a modification action). However, neither action was properly instituted, and the trial court correctly determined that it had never acquired jurisdiction over either pleading and that the orders entered in response to those pleadings are void. See id.