MOORE, Judge.
K.M.D. (“the adoptive mother”) appeals from an order entered by the Montgomery Juvenile Court (“the juvenile court”) setting aside an award of attorney’s fees in an adoption case. We reverse the juvenile court’s order.
Procedural History
On January 22, 2015, the adoptive mother filed in the Montgomery Probate Court a petition to adopt T.B. (“the child”). On February 10, 2015, the probate court transferred the adoption proceeding to the juvenile court. See Ala. Code 1975, § 26-10A-21. T.N.B. (“the father”) filed a contest to the adoption on April 30, 2015.
On April 8, 2016, the adoptive mother filed a “Motion for Award of Fees and Expenses,” requesting that the juvenile court require the father to pay her “legal costs,” pursuant to Ala. Code 1975, § 26-10A-24(i). On April 29, 2016, the adoptive *514 mother personally served the father with the motion and notice that the juvenile court would hear the motion on May 13, 2016.- On May 12, 2016, the adoptive mother filed a “Final Disclosure of Disbursements,” designating the fees and expenses for which she sought reimbursement, including her attorney’s fees.
On May 13, 2016, following a hearing at which the father did not appear, the juvenile court entered a judgment denying the father’s adoption contest and approving the- adoptive mother’s “Final Disclosure of Disbursements.” The juvenile court entered an order granting the adoptive mother’s petition to adopt the child on May 16, 2016. (C. 339). That same day, the attorney for the adoptive mother sent a letter to the juvenile court arguing that the term “legal costs” in § 26-10A-24(i) included attorney’s fees and requesting that the juvenile court order the father to pay the. adoptive mother’s attorney’s fees. On May 17, 2016, the juvenile court entered an order granting the adoptive mother’s “Motion for [Award of] Fees and Expenses.” The next day, the juvenile court ordered the father to pay $23,450.00 in attorney’s fees to the adoptive mother.
On June 28, 2016, the father filed a letter with the juvenile court requesting that the juvenile court “set aside” the order requiring him to pay the adoptive mother’s attorney’s fees due to his poverty. The juvenile court entered an order on June 29, 2016, setting aside the order requiring the father to pay the adoptive mother’s attorney’s fees. On June 30, 2016, the adoptive mother filed a motion requesting that the juvenile court vacate its June 29, 2016, order. On July 8, 2016, the juvenile court entered an order denying the adoptive mother’s motion. In its July 8, 2016, order, the juvenile court stated that the father had not had notice or an opportunity to be heard with regard to the adoptive mother’s request for attorney’s fees, and, therefore, the juvenile court concluded, the award of attorney’s fees was void. The juvenile court also found that “legal costs” under § 26-10A~24(i) did not include attorney’s fees. The adoptive mother timely filed her notice of appeal to this court on July 8,2016,
Discussion
Once an adoption case is transferred to the juvenile court, the Alabama Rules of Juvenile Procedure govern. See State Dep’t of Human Res. v. Smith, 567 So.2d 333, 334 (Ala. Civ. App. 1990). Rule 1(B), Ala. R. Juv. P., provides, in pertinent part, that “[a]ll postjudgment motions ... must be filed within Í4 days after entry of order or judgment.” However, Rule 1(B) does not apply to motions filed under Rule 60(b), Ala. R. Civ. P., which are considered collateral attacks on a final judgment of a juvenile court. See M.E.W. v. J.W., 142 So.3d 1168, 1172 (Ala. Civ. App. 2013).
In this case, the juvenile court entered its final judgment awarding the adoptive mother attorney’s fees on May 17, 2016. The father filed his letter, which the juvenile court treated as a motion to set aside the award of attorney’s fees, on June 28, 2016, more than 14 days after entry of the final judgment. Thus, the juvenile court had no jurisdiction to consider that motion unless it could be characterized as a Rule 60(b) motion.
Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons:. (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P,]; (3) fraud (whether heretofore denominated intrin *515 sic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
In his letter, the father requested that the juvenile court vacate the May 17, 2016, judgment because he could not afford to pay the attorney’s fees. The letter did not set out any of the grounds for relief from the judgment established in Rule 60(b).
The juvenile court nevertheless purported to set aside the award of attorney’s'fees on the ground that the judgment was. void. In its July 8, 2016, order, the juvenile court explained that it had vacated the award of attorney’s fees on June 29, 2016, because it had found that the award had been entered without due process and because it had concluded that § -26-10A-24(i) did not authorize an award of attorney’s fees. In taking that unusual action, the juvenile court, in essence, raised on its own motion the question of whether the award of attorney’s fees was void and should be set aside under Rule 60(b)(4).
Generally speaking, “Rule 60(b) requires that a party move for relief from a judgment, and does not provide for sua sponte relief by the trial court.” Ex parte P & H Constr. Co., 723 So.2d 45, 49 (Ala. 1998). However, Rule 60(b) does not displace the power of a trial court, as it existed under Alabama common law, to vacate a judgment on its own motion. See Ex parte Waldrop, 395 So.2d 62, 62 (Ala. 1981) (holding that, despite the adoption of Rule 60(b), a trial court or an appellate court can, on its own motion, vacate a judgment procured by fraud as it could under common law). Our supreme court held, before the advent of the Alabama Rules of Civil Procedure, that a trial court may, on its own motion, vacate a void judgment. See Taylor v. Jones, 202 Ala. 18, 19, 79 So. 356, 357 (1918) (“It is very true that if a judgment, on its face or on the face of its own record, is absolutely void, it is a nullity, and that, as it is calculated to mislead and deceive the public, the court, ex mero motu, or on motion of a stranger or amicus curiae, may purge the records of the court of such absolutely void and impertinent matters in former judgments, but in law and in fact nothing.”). We have not located any supreme court case holding that the adoption of Rule 60(b)(4) has abrogated the holding in Taylor v. Jones.[1] Moreover, we hote that other jurisdictions with a rule identical to our Rule 60(b)(4) have held that a court may sua sponte vacate a void judgment. See, e.g., McGee v. McGee, 168 Ohio App.3d 512, 515, 860 N.E.2d 1054, 1056 (2006); Carolina Paper Co. v. Bouchelle, 285 N.C. 56, 62, 203 S.E.2d 1, 5 (1974); and Banner v. Estate of Banner, 45 Mich.App. 148, 153, 206 N.W.2d 234, 237 (1973). Thus, we conclude that the juvenile court properly raised the issue of the voidness of the award of attorney’s fees on its own motion.
The dissent maintains that our conclusion “is in direct conflict with a long line of prior decisions of this court and our supreme court.” 227 So.3d at 518. However, neither Pierce v. American General Finance, Inc., 991 So.2d 212, 215 (Ala. 2008), nor Cornelius v. Green, 477 So.2d 1363, 1365 (Ala. 1985), the only supreme court *516 cases cited by the dissent, 227 So.3d at 518-19, address the authority of a court, as it existed at common law, to vacate a judgment on its own motion. Likewise, most of the cases from this court cited in the dissent also do not address that particular procedural question.
The dissent does cite one case from this court in which the court at least impliedly held that a trial court could not vacate a judgment as void on its own motion. In Ex parte DiGeronimo, 195 So.3d 963, 969 (Ala. Civ. App. 2015), the trial court entered a divorce judgment on October 1, 2013. In April 2015, the trial court, on its own motion, vacated the divorce judgment on the ground that it was void because no grounds for divorce had been proven. On a petition for a writ of mandamus, this court determined, that the writ of mandamus should issue- because, we determined, a judgment is not void for the reason that had been given by the. trial court. 195 So.3d at 968 (citing Nelson v. Moore, 607 So.2d 276, 277 (Ala. Civ. App. 1992)). This court nevertheless proceeded to decide that the trial court had no authority to sua sponte vacate the divorce judgment as void. Arguably, that portion of the opinion is obiter dictum without any precedential effect. Ex parte Williams, 838 So.2d 1028, 1031 (Ala. 2002) (“[Ojbiter dictum is, by definition, not essential to the judgment of the court ... .”)• More to the point, in Ex parte DiGeronimo, 195 So.3d at 969, this court cited only Ex parte State Department of Human Resources, 47 So.3d 823, 830 (Ala. Civ. App. 2010), to support its holding, which does not address the authority of a trial court to vacate a judgment on its own motion. Even if Ex parte DiGeronimo does hold that a court cannot, on its own motion, vacate a void judgment, that decision is not controlling because it directly conflicts with the holding in Taylor v. Jones, supra, which, until overruled, remains binding precedent on this court. See Ala. Code 1975, § 12-3-16 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals .... ”)•
A party may appeal from an order granting a Rule 60(b)(4) motion that finally disposes of the case. See Ex parte Trinity Auto. Servs., Ltd., 974 So.2d 1005, 1009 (Ala. Civ. App. 2006). The June 29, 2016, judgment concluded the case by denying the adoptive mother her request for attorney’s fees; in its July 8, 2016, order, the juvenile court clarified its holding by explaining that the May 17, 2016, judgment awarding attorney’s fees was void, thereby granting on its own motion relief similar to Rule 60(b)(4) relief.
‘“[T]he standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. (“the judgment is void”), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation.’ Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 641 (Ala. 2003). ’If the judgment is valid, it must stand; if it is void, it must be set aside.’ Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991). Thus, our standard of review is de novo. Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 51 (Ala. 2003).”
974 So.2d at 1009-10. “A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties; or if it acted in a manner inconsistent with due process.” Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991). In this case, the juvenile court determined that its award of attorney’s fees was void because it was entered in a manner inconsistent with due process.
*517 “[Procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one’s life, liberty, or property interests are about to be affected by governmental action.” Brown’s Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So.2d 226, 228 (Ala. 1992). The record shows that, on April 8, 2016, the adoptive mother filed a motion requesting that the juvenile court award her “fees and expenses” as “legal costs” under § 26-10A-24(i). On April 29, 2016, the adoptive mother had the father personally -served with the motion and a notice that the motion would be heard by the juvenile court on May 13, 2016. Thus, the father received notice that the adoptive mother was seeking a-judgment against him for legal fees and expenses and that a hearing would be held on May 13, 2016, for the purpose of adjudicating that claim.
The adoptive mother did not inform the father specifically that she was seeking attorney’s fees, nor did the adoptive mother notify the father in advance of the hearing of the amount of the attorney’s fees she was claiming. However, nothing in the law required the adoptive mother to elaborate on each and every element of her reimbursement claim. Section -26-10A-23(c), Ala. Code 1975, requires an adoptive parent to file with the court approving the adoption a sworn statement of the disbursements made in relation to the adoption, but that filing is intended to enable the court to ensure that the parties to an adoption “have not paid or received money in exchange for the minor being given up for adoption,” Comment to § 26-10A-23(c), and the statute does not require service of the accounting on other parties. The fact that the adoptive mother did not serve the father with the accounting she filed with the juvenile court on May 12, 2016, does not mean that the father was denied due process. The father received adequate notice of the general purpose of the proceedings, and he could have learned of the specifics of the adoptive mother’s claim at the scheduled hearing, which he elected not to attend. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (holding that notice is sufficient if it is “of such nature as reasonably to convey the required information” so as to allow the opposing party to “choose for himself whether to appear or default, acquiesce or contest”).
We conclude that the father received actual notice of the adoptive mother’s claim for legal “fees” and “expenses” and of the time and place of the hearing on that claim. The juvenile court did not violate the procedural due-process rights of the father by conducting that hearing in his absence and entering a judgment based on that hearing. See Edwards v. Edwards, 79 So.3d 629 (Ala. Civ. App. 2010). The juvenile court.erred in determining -that it had denied the father procedural due process in awarding the adoptive mother the requested attorney’s fees.
The juvenile court also determined that “attorney fees” are not recoverable as part of “legal costs” under § 26-10A-24(i). We do not address the correctness of that conclusion. We hold, only.that, if the juvenile court did .err in awarding attorney’s fees under § 26-10A-24(i), that error would, not entitle the father to relief from the judgment on the basis that the judgment is void, “Errors in the application of the law by the trial court do not render a judgméñt void.” Bowen v. Bowen, 28 So.3d 9, 15 (Ala. Civ. App. 2009). Hence, the juvenile court could not have vacated the award of attorney’s fees on that ground.
Conclusion
Based on the foregoing, we reverse the June 29, 2016, order entered by the juve *518 nile court setting aside its award of attorney’s fees to the adoptive mother and remand the cause with instructions to the juvenile court to vacate that order.
REVERSED 'AND REMANDED WITH INSTRUCTIONS.
Pittman and Donaldson, JJ., concur.
Thompson, P. J., concurs in the result, without writing.
Thomas, J., dissents, with writing.

. In Pendergrass v. Watkins, 383 So.2d 851, 853 (Ala. Civ. App. 1980), this court, in dicta, cited Jones as valid authority for the proposi-lion'that a trial court can sua sponte vacate a void judgment.