Rel: November 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

———————————————

## CL-2025-0532

———————————————

## Ex parte Edgefield Holdings, LLC

## PETITION FOR WRIT OF MANDAMUS

## (In re: Edgefield Holdings, LLC

## v.

## Joe B. Crosby)

## (Montgomery Circuit Court: CV-12-900216)

BOWDEN, Judge.

This matter is before the court on a "Petition for Writ of Mandamus." The petitioner, Edgefield Holdings, LLC ("Edgefield"), seeks an order from this court compelling the Montgomery Circuit Court

("the circuit court") to set aside its order declaring a 13-year-old money judgment against Joe B. Crosby ("Crosby") void for lack of service of process. We grant the petition and issue the writ.

BACKGROUND

The conflict in this case concerns the collection of a judgment obtained for nonpayment of a promissory note. The original creditor, Regions Bank ("Regions"), sued Crosby on February 16, 2012, because of his nonpayment of the promissory note. Regions obtained a default judgment in the amount of $44,683.61 against Crosby on May 24, 2012. Regions assigned the right to collect the judgment to Edgefield, which was substituted as the plaintiff by the circuit court on January 28, 2021. Crosby died on April 30, 2021. The judgment was renewed on November 19, 2021.

Edgefield initiated two efforts to collect the judgment in 2021. Those efforts included filing a claim against Crosby's estate and filing a motion to execute on real property owned by Crosby at his death.

On July 18, 2024, Daphne Crosby ("Daphne"), acting as the executrix of Crosby's estate, filed a pro se "Motion to Dismiss Case."[1] In her motion she alleged, among other things, that Regions had obtained a separate judgment against Crosby in another county involving the same delinquent loan. She further alleged that Crosby had never been served with the original summons and complaint, claiming that the description of the person served did not match Crosby's physical description at the

---

[1]We note that the postjudgment motion at issue in this case was filed by Daphne -- a nonlawyer. A nonlawyer may not file a motion in a circuit court on behalf of another person or entity. Jerry & John Woods Constr., Inc. v. New Bethel Missionary Church, 393 So. 3d 551 (Ala. Civ. App. 2023). This prohibition extends to a nonlawyer executor. Ex parte Ghafary, 738 So. 2d 778, 781 (Ala. 1998) ("We hold that § 34-3-6(a)[, Ala. Code 1975,] prohibits a nonattorney executor or personal representative from representing an estate before a court of law."). Such a motion or pleading is considered a nullity and may not be acted upon by the circuit court. See Progress Indus., Inc. v. Wilson, 52 So. 3d 500 (Ala. 2010), and Rimpsey Agency, Inc. v. Johnston, 218 So. 3d 1242 (Ala. Civ. App. 2016) (holding that filings made by pro se defendant in both the district court and the circuit court were nullities). Notwithstanding this general statement of the law, a trial court can sua sponte vacate a void judgment. K.M.D. v. T.N.B., 227 So. 3d 512 (Ala. Civ. App. 2017). Therefore, even though the motion filed by Daphne was of no effect, the circuit court had the authority under K.M.D. to set aside the default judgment as a void judgment. We further note that no party or the circuit court has raised the pro se nature of Daphne's motion as an issue before this court.

3

time.[2]  After a series of continuances, the matter came before the circuit court on April 22, 2025.  At that time, Daphne was represented by counsel.

According to the transcript provided to this court by Edgefield, the circuit court heard argument of counsel but did not take any sworn testimony or receive any evidence at the hearing.  On May 23, 2025, the circuit court entered an order declaring the judgment at issue to be void. In doing so, the circuit court ruled that "[t]he Court finds that the defense has met the heavy burden of presenting clear and convincing evidence with corroboration to impeach the process server's affidavit indicating that Joe B. Crosby was personally served."

Edgefield timely filed this petition for a writ of mandamus with the Alabama Supreme Court on July 2, 2025.  The supreme court determined that the subject matter of this petition falls under the original appellate

---

[2]The circuit court and the parties elected to treat this motion as a motion to set aside a default judgment pursuant to Ala. R. Civ. P. 60(b)(4).  See Glenn v. City of Wetumpka, 410 So. 3d 1135, 1137 (Ala. Civ. App. 2024)("It is well settled that this court looks to the essence of a motion and not to its title to determine how the motion is to be considered under the Alabama Rules of Civil Procedure.").

4

jurisdiction of this court and transferred the petition to this court on July 8, 2025.

Edgefield argues in its petition that "the trial court improperly found the judgment void for lack of service without considering any evidence." We agree, grant the petition, and issue the writ. Our decision on this ground pretermits any discussion of the additional grounds raised by Edgefield.

## STANDARD OF REVIEW AND APPLICABLE LAW

"'Because an order setting aside a default judgment is interlocutory and, therefore, not appealable, the proper remedy to review the trial court's action in entering that order is a petition for a writ of mandamus.'" Ex parte Ward, 264 So. 3d 52, 55 (Ala. 2018) (quoting Ex parte King, 776 So. 2d 31, 33 (Ala. 2000)).

> "'"A writ of mandamus is an extraordinary remedy"' that is appropriate '"when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."' Ex parte State Farm Fire & Cas. Co., 320 So. 3d 550, 552 (Ala. 2020) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001))."

Ex parte Starr, 399 So. 3d 1010, 1013-14 (Ala. 2024).

"[A] sheriff's return of service is <u>prima facie</u> evidence of its correctness, and the party challenging it has the burden of establishing lack of service by clear and convincing proof." <u>Raine v. First W. Bank</u>, 362 So. 2d 846, 848 (Ala. 1978). This same presumption of correctness extends to a private process server's return of service.[3] <u>See</u> <u>Powell v. Central Bank</u>, 510 So. 2d 171, 172 (Ala. 1987), and <u>D.B. v. D.G.</u>, 141 So. 3d 1066, 1069 (Ala. Civ. App. 2013) ("[T]he service return in the record indicates that the mother was served by private process server on May 1, 2012, thus establishing prima facie evidence that the mother was served."). <u>See</u> <u>also</u> Rule 4(i)(1)(C), Ala. R. Civ. P. ("The return of the person serving process in the manner described herein [ i.e., delivery by a process server,] shall be prima facie evidence that process has been served.").[4] On the other hand, "[i]t is settled law that failure to effect

---

[3]There does not appear to be any dispute that a return of service was properly filed with the circuit-court clerk.

[4]We are aware of the line of cases declaring that "'"[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of proof is <u>on the plaintiff</u> to prove that service of process was performed correctly and legally."'" <u>Hoffman v. City of Birmingham Ret. & Relief Sys.</u>, 411 So. 3d 1195, 1203 (Ala. 2024) (internal citations omitted; emphasis added). The factor distinguishing this case from that line of cases appears to be whether personal service is attempted under the authority of Rule 4(i)(1)(C), Ala.

proper service under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void." Image Auto, Inc. v. Mike Kelley Enters. Inc., 823 So. 2d 655, 657 (Ala. 2001).

As noted, the circuit court, on its own motion, granted relief similar to Rule 60(b)(4) relief. See note 1, supra.

> "'"[T]he standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. ('the judgment is void'), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation." Ex parte Full Circle Distribution, L.L.C., 883 So. 2d 638, 641 (Ala. 2003). "If the judgment is valid, it must stand; if it is void, it must be set aside." Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So. 2d 209, 212 (Ala. 1991). Thus, our standard of review is de novo. Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So. 2d 45, 51 (Ala. 2003).'"

K.M.D. v. T.N.B., 227 So. 3d 512, 516 (Ala. Civ. App. 2017)(quoting Ex parte Trinity Auto. Servs., Ltd., 974 So. 2d 1005, 1009-10 (Ala. Civ. App. 2006)).

As noted, a party challenging the correctness of a facially proper return of personal service by a process server has the burden of

---

R. Civ. P., versus some other authorized means of service. The contested service in Hoffman was service attempted by certified mail. Id. at 1201-02; see McDermott v. Tabb, 32 So. 3d 1, 3 (Ala. 2009).

establishing lack of service by clear and convincing evidence. See

Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So. 2d 209

(Ala. 1991), and Raine v. First Western Bank, 362 So. 2d 846 (Ala. 1978).

Clear and convincing evidence is

> "[e]vidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."

Ala. Code 1975, § 6-11-20(b)(4).

## ANALYSIS

From the foregoing authorities, it is abundantly clear that a trial

court must have evidence -- clear and convincing -- to set aside a

judgment based on lack of service of process. However, it appears from

the information provided by the parties that the circuit court made its

decision based solely on the argument of counsel. As noted, no witnesses

testified at the hearing, and the circuit court did not admit any exhibits.

It is well settled that arguments of counsel are not evidence and may not

form the factual basis of a court's ruling. Ex parte Merrill, 264 So. 3d

855, 860 n.4 (Ala. 2018) ("Motions, statements in motions, and arguments

8

of counsel are not evidence."), and <u>Ex parte Russell</u>, 911 So. 2d 719, 725 (Ala. Civ. App. 2005) ("The unsworn statements, factual assertions, and arguments of counsel are not evidence.").

Daphne argues before this court that "[t]he trial court here had documentary exhibits, including government-issued identification, and was entitled to draw reasonable inferences." Answer at 16. This is true as far as it goes. The circuit court did have before it the attachments to Daphne's motion challenging the judgment. Those attachments included a photocopy of three of Crosby's driver's licenses. However, that photocopy was never offered as evidence and was never admitted by the circuit court as evidence. Even if it had been offered, it was not accompanied by an affidavit or testimony sufficient to establish an exception to the rule against hearsay or to properly authenticate the photocopy. Admittedly, the circuit-court judge and counsel discussed the discrepancies in Crosby's physical description at the hearing. However, during the hearing, counsel for Edgefield noted the following:

> "She's cited no actual -- there's no affidavit filed in support of her motion, no other corroboration or sworn testimony.
>
> "....

"And plus, there's [no] evidence at all, there's no testimony, [Daphne] didn't file an affidavit saying that she was with her father at that time, and he was really out of the country at that time. I mean, it's all conjecture on her part as to whether he was or was not served."

Daphne cites <u>Ex parte Full Circle Distribution, L.L.C.</u>, 883 So. 2d 638 (Ala. 2003), in support of her proposition that "Alabama law does not require live testimony at the hearing for a [<u>sic</u>] Rule 60(b)(4) relief." Answer at 17. This court does not interpret Edgefield's argument as calling exclusively for live testimony to support Daphne's motion. Edgefield is arguing -- correctly in our opinion -- that evidence of some kind is required to set aside a default judgment. See <u>Image Auto.</u>, 823 So. 2d at 658 ("'There must be additional evidence, such as statements of fact, tending to support the denial of service of process.'" (quoting <u>Powell v. Central Bank of the S.</u>, 510 So. 2d 171, 172 (Ala. 1987))); <u>Nolan v. Nolan</u>, 429 So. 2d 596, 598 (Ala. Civ. App. 1982) ("[T]he burden of proof to overcome the presumption of the correctness of a sheriff's return is not met by a bare denial of service by a contesting party, but it is required that additional evidence be presented to strengthen or confirm such a denial before the required burden is met. Such is the definition of 'corroborating evidence.'").

Regardless, an examination of <u>Full Circle</u> reveals that it does not speak to the issues before the court. Rather, it concerns the timeliness of a Rule 60(b)(4) motion and contains an analysis of what constitutes sufficient minimum contacts for personal jurisdiction to attach. Nowhere does the court in <u>Full Circle</u> address the necessity for, or the types of, evidence to support a trial court's setting aside a default judgment.

CONCLUSION

In summary, a signed return certificate filed in the clerk's office by a process server is prima facie evidence that the party being served was properly served. <u>Image Auto</u>, 823 So. 2d at 657. The party challenging service has the burden of establishing lack of service by clear and convincing evidence. <u>Raine</u>, 362 So. 2d at 848. The circuit court set aside the default judgment in this case without any admitted evidence to support its ruling. Thus, Edgefield has shown "'"(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."'" <u>Ex parte Starr</u>, 399 So. 3d at 1013-14 (quoting <u>Ex parte State Farm Fire & Cas.</u>

11

Co., 320 So. 3d 550, 552 (Ala. 2020), quoting in turn Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001)).

Therefore, we grant the petition for the writ of mandamus and direct the circuit court to vacate its May 23, 2025, order declaring the judgment to be void.

PETITION GRANTED; WRIT ISSUED.

Hanson and Fridy, JJ., concur.

Moore, P.J., concurs in the result, with opinion, which Edwards, J., joins.

MOORE, Presiding Judge, concurring in the result.

On February 6, 2012, Regions Bank filed a complaint against Joe B. Crosby in the Montgomery Circuit Court ("the trial court") seeking to collect a debt; that action was assigned case number CV-12-900216. The complaint was served by a private process server on March 29, 2012. In the return of service, the process server stated that he had served Joe at his residence, and he described Joe as being "Male, Black skin, Black hair, Approx. Age: 55 years, Approx. Height: 5 ft 8 in., Approx. Weight: 175 lbs. Other Features: Mustache, Beard." On May 24, 2012, the trial court entered a default judgment against Joe and in favor of Regions Bank in the amount of $44,683.61. Regions Bank subsequently assigned the judgment to Edgefield Holdings, LLC, which was substituted as a party to the judgment on January 28, 2021.

Joe died on or about April 30, 2021, and Daphne Crosby was appointed as the personal representative of his estate. On October 22, 2021, Edgefield filed a claim against the estate to recover the judgment debt. On July 18, 2024, Daphne filed, pursuant to Rule 60(b), Ala. R. Civ. P., a motion for relief from the default judgment. Daphne asserted, among other things, that Regions Bank had never served Joe with the

13

complaint in case number CV-12-900216, and, thus, she argued, the default judgment was void. Daphne asserted that, at the time service was perfected, Joe was residing in a duplex and that the return of service did not show that Joe had been served at his apartment. Daphne also contended that the description of the man who was served with process did not match Joe's description at the time of service. Daphne attached photographs of three driver's licenses intended to show that Joe was older, taller, and heavier than the man described in the return of service, that he did not have a mustache or beard, and that he had gray hair. Daphne also asserted that Regions Bank had commenced a separate civil action against Joe to collect the same debt, that it had obtained a default judgment in that action, and that the judgment had been satisfied.

As the main opinion concludes, the Rule 60(b) motion Daphne filed is a legal nullity. Rule 60(b) allows a court, upon motion, to relieve "a party or the party's legal representative" from a final judgment. Presumably, a personal representative of the estate of a judgment debtor would have the capacity to file a Rule 60(b) motion to obtain relief from a judgment encumbering the estate. See Ex parte Overton, 985 So. 2d 423, 428 (Ala. 2007) (defining "party's legal representative" as "'one who

14

by operation of law is tantamount to a party in relationship to the matter involved in the principal action'" (quoting Western Steel Erection Co. v. United States, 424 F.2d 737, 739 (10th Cir. 1970) (interpreting Rule 60(b), Fed. R. Civ. P.))). However, Daphne, who is not an attorney, could act only through a licensed attorney. See Ex parte Ghafary, 738 So. 2d 778, 781 (Ala. 1998) (holding that the personal representative of an estate, a nonattorney, could not file a complaint on behalf of the estate); Estate of Wilson v. Berry, 68 So. 3d 178 (Ala. Civ. App. 2011) (holding that county administrator, who was not an attorney, could not file a motion to dismiss a complaint on behalf of county). Because Daphne filed the Rule 60(b) motion pro se, the motion was a legal nullity.

When a motion to set aside a default judgment is a legal nullity, any hearing based on that motion is also considered a legal nullity. See Jerry & John Woods Constr., Inc. v. New Bethel Missionary Baptist Church, 393 So. 3d 551, 559 (Ala. Civ. App. 2023) (holding that motion to set aside default judgment filed by nonattorney church members on behalf of church and hearing on that motion were legal nullities). As Ex parte Ghafary illustrates, Alabama law has held that proceedings commenced by a motion or pleading that is a legal nullity are void from

their inception. See, e.g., Ex parte Williams, 89 So. 3d 135, 141 (Ala. Civ. App. 2011) (holding that, because manager of housing authority was not an attorney, district court lacked jurisdiction over unlawful-detainer action commenced by complaint filed by manager); see also Bisher v. Lehigh Valley Health Network, Inc., 670 Pa. 501, 531-45, 265 A.3d 383, 400-03 (2021) (recognizing that some jurisdictions hold that pleadings filed by a nonattorney are void from inception and thus cannot be cured or amended and citing Ex parte Ghafary as an example).

In this case, Daphne eventually retained counsel to prosecute her Rule 60(b) motion, but her retention of counsel did not cure the defect contaminating her Rule 60(b) motion. In Ex parte Ghafary, the supreme court determined that a medical-malpractice action that had been commenced by the filing of a complaint by the personal representative of the estate was required to be dismissed, rejecting the position of the dissent that the defect in the complaint could be cured by the later appearance of counsel. See Ex parte Ghafary, 738 So. 2d at 781-82 (Kennedy, J., dissenting).

Rule 55(c), Ala. R. Civ. P., authorizes a trial court to set aside a default judgment on its own motion within 30 days after the entry of the

16

judgment, which did not happen in this case. In <u>K.M.D. v. T.N.B.</u>, 227 So. 3d 512 (Ala. Civ. App. 2017), this court held that a trial court could, at any time, on its own motion, set aside a judgment that was void on its face or on the face of its own record. That principle does not apply in this case. First, nothing in the materials before this court shows that the trial court acted on its own motion. The materials show that the trial court proceeded based solely on the Rule 60(b) motion filed by Daphne. Second, the default judgment was not void on its face or on the face of the trial court's record. The record contained a return of service showing that Joe had been served. Daphne intended to show that the judgment was void by adding evidence to the record to prove that Joe had not been served. However, her evidence was attached to her Rule 60(b) motion, which, because it was a legal nullity, could not be considered by the trial court. Even if the trial court could have considered that evidence, I agree with the main opinion that the evidence was never formally admitted into the record. Thus, the trial court did not have any basis for setting aside the default judgment on its own motion.

Daphne's Rule 60(b) motion did not invoke the jurisdiction of the trial court, and the trial court did not have the power to set aside the

17

default judgment on its own motion. Therefore, the order purporting to set aside the default judgment is void. Although Edgefield does not argue this point in its petition for the writ of mandamus, this court may recognize on its own motion that the judgment setting aside the default judgment is void. See K.M.D., supra. Because the order setting aside the default judgment is void, it is due to be vacated, as the main opinion concludes. Thus, I concur with the issuance of the writ of mandamus.

Edwards, J., concurs.