HOLMES, Judge.
This is an appeal from a judgment rendered by a district court judge in a post-divorce case.
The single issue is whether the district court judge had the authority to render that decision.
The wife appeals and we affirm.
The record shows that the district judge had been appointed to hear domestic relations cases pursuant to § 12-17-70, Ala. Code (1975) (1986 Repl.Vol.), and Rule 13, Rules of Judicial Administration, on October 2, 1984, by the presiding judge of the Circuit Court of Montgomery County. That order in pertinent part provided as follows: “District Judges Sarah Greenhaw and Lynn Clardy Bright are hereby appointed to hear Domestic Relations matters filed for a period of time commencing with the signing of this Order and continuing until further Order of this Court.”
Section 12-17-70, empowers such district judges to serve as ex officio circuit judges *1270 when hearing domestic relations cases. Pursuant to that authority, the district judge entered an order on January 16, 1987, modifying a divorce decree originally issued in 1982.
The wife appeals, contending that appointments pursuant to § 12-17-70 and Rule 13 must be temporary ones and that the appointment of the district judge in this case was of a permanent, not temporary, nature. She argues that the appointment was, therefore, not a proper one and that the district judge’s judgment was made without authority and was invalid.
The wife also contends that § 12-17-70 contemplates the appointment of only one district judge to act as an ex officio circuit judge in domestic relations cases. She argues that, since two district judges were appointed on October 2, 1984, by the same order, the statute was not complied with and that the decision rendered by the district judge in question was invalid ab ini-tio.
Section 12-17-70 provides the following:
“In those districts having more than one district court judge, the presiding circuit court judge may designate from time to time a district court judge, who shall have the same powers and authority as a circuit judge to handle all cases involving domestic relations, divorce, annulments of marriage, custody and support of children, granting and enforcement of alimony, proceedings under the Reciprocal Nonsupport Act and all other domestic and marital matters over which the circuit court has jurisdiction as well as all laws pertaining to juvenile and nonsupport cases arising in the county under Title 30 of this Code and who shall serve as an ex officio circuit judge when handling such cases, regardless of any provisions contained in this title or any other laws to the contrary; provided, that in those counties having one district judge and in which a circuit judge is currently empowered to handle the aforementioned classes of cases as well as juvenile cases, such power and authority shall not transfer to the district judge without the express authorization of the presiding circuit judge.”
Rule 13, Rules of Judicial Administration, reads as follows:
“The presiding circuit judge may temporarily assign circuit or district court judges to serve either in the circuit or district courts within the circuit.”
The wife’s contention that the appointment of the district judge was a permanent one and not proper under § 12-17-70, thus making the judge’s decision without authority and invalid, is without merit. The presiding circuit judge’s order expressly provided that the appointment was “for a period of time commencing with the signing of this Order and continuing until further Order of this Court.” Such an order expressly limited the order to a “period of time” and falls within the parameters of the definition of “temporary”—i.e., “[o]ne that serves for a limited time.” The American Heritage Dictionary of The English Language 1325 (1976). The district judge in the instant case serves for a period of time, the duration of which is expressly limited to that time as determined by the presiding judge—i.e., until he orders otherwise. Stated differently, it is immaterial whether the district judge may have served for twenty-four hours under the order or, as in this case, for more than two years. The order appointing the judges was, therefore, not in contravention of the statute.
The wife’s contention that the statute contemplates the appointment of only one district court judge is similarly without merit. Section 1-1-2, Ala. Code (1975), expressly provides that words used in the Code that are singular also include the plural. The circuit court’s appointment of two district judges to hear domestic relations cases was proper and empowered those judges to serve as ex officio circuit judges.
In any event, the wife did not state the grounds of her objection to the jurisdiction of the district court at the trial in this case. By failing to do so in this instance, any objection she had to the court’s jurisdiction was waived. Costarides v. Miller, 374 So.2d 1335 (Ala.1979).
*1271 This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J„ concur.