[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10008

Non-Argument Calendar

_____

CHEY GARRIGAN,

Plaintiff-Appellant,

*versus*

SECRETARY OF STATE FOR THE STATE OF ALABAMA,
DISTRICT COURT JUDGE,
CIRCUIT COURT JUDGE,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00482-ECM-KFP

———————————————

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

The district court abstained from hearing a case challenging a state's judicial assignments, citing the suit's interference with state court operations. We agree that the injunction sought here would cut to the core of the administration of the state's circuit court system by shaping which judges can hear which cases, and affirm.

I.

Chey Garrigan petitioned an Alabama circuit court for primary custody of her child. Soon after she moved for recusal of the judge assigned to preside over her case, Judge Michelle Thomason. She argued that Thomason had displayed bias toward her in an earlier proceeding and, more important for our purposes, that Thomason lacked authority to hear her case. Thomason had been elected as a *district* judge, not a circuit judge. And in Alabama only the circuit courts have jurisdiction over proceedings to modify a custody order entered in a divorce proceeding. *See* Ala. Code §§ 12-1-2, 30-2-1; *see also id.* § 30-3-5. But a presiding circuit judge

can appoint a district judge to serve as a special circuit judge—and that is what happened here.

Most recently, in 2018, the presiding judge for the 28th judicial circuit "temporarily appointed" Thomason to serve as a special circuit judge.  That appointment supposedly was under section 12-9A-8 of the Alabama Code, which allows a presiding judge to appoint a district judge within the circuit to serve as a special circuit judge, based on the "needs of the circuit, including the currency, congestion, and backlog of criminal and civil cases." State rules then provide that the assignment "shall continue until revoked by the presiding judge or until the assigned judge leaves office, whichever comes first."  Ala. R. Jud. Admin. R. 13(A).  The appointment order later cited two other Code provisions.  One was section 12-17-70, which allows a presiding judge to "designate from time to time a district court judge" that can then wield "the same powers and authority as a circuit judge to handle all cases involving domestic relations."  The other was section 12-1-14.1, which allows a presiding judge, at the request of an "affected judge," to appoint a special circuit court judge for a renewable term of "temporary service" not to exceed 180 consecutive days.

Garrigan hinged her motion on the last provision, contending that no "affected" circuit judge had requested Thomason's appointment and that Thomason's service was far from temporary—Thomason, she asserted, had been hearing circuit court cases for more than a decade.  Thomason denied the recusal motion.  Garrigan then petitioned Alabama's court of civil

appeals for a writ of mandamus ordering Thomason's recusal. That petition was also denied.

Garrigan then turned to federal court for relief. As relevant here, she sued Thomason and the now-presiding judge, Judge J. Clark Stankoski, alleging that they had violated her due process right to have her case heard by a court of competent jurisdiction. She sought an injunction that would bar Thomason from hearing her custody case and any other circuit court proceedings involving her, and Stankoski from assigning circuit court cases to any district judge, including Thomason.

The district court abstained under *Younger v. Harris* from hearing the case against the two judges. *See* 401 U.S. 37 (1971). This appeal followed.

## II.

We review a decision to abstain for an abuse of discretion. *Tokyo Gwinnett, LLC v. Gwinnett County*, 940 F.3d 1254, 1266 (11th Cir. 2019).

## III.

The breed of abstention at issue is *Younger* abstention, a doctrine establishing that, in certain "exceptional cases," "federal courts may and should withhold equitable relief to avoid interference with state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

*Younger* abstention can apply only when a federal case would affect one of three kinds of state proceedings: state criminal prosecutions, civil enforcement proceedings, and "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quotation omitted and alteration adopted). The state custody proceeding could fall, if anywhere, in the third category. So the question is whether it involves an order that furthers the Alabama courts' ability to perform their judicial functions.

We count two. First, the order appointing Thomason as a special circuit judge cuts to the "core of the administration" of Alabama's judicial system. *Juidice v. Vail*, 430 U.S. 327, 335 (1977). The appointment process allows a state judicial circuit to manage its docket to ensure the efficient administration of justice; the appointment decisions turn on "the needs of the circuit, including the currency, congestion, and backlog of criminal and civil cases." Ala. Code § 12-9A-8(a). Second, the order denying Garrigan's recusal motion similarly implicates the judicial system's "regular operation." *Juidice*, 430 U.S. at 335. Recusal decisions affect which judge can hear a case, and so shape the allocation of cases across the court. We thus conclude that *Younger* abstention can apply to this case: one targeting orders that shape a state court's case assignments and judicial appointments.

Our inquiry does not end there. We must ensure that three other conditions are met: the state proceeding must be ongoing,

6                    Opinion of the Court                  22-10008

implicate important state interests, and provide an adequate opportunity to raise constitutional challenges. *See Sprint Commc'ns*, 571 U.S. at 81; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To start, the custody proceeding was still pending when Garrigan filed the federal suit, the relevant time for determining whether abstention is appropriate. *See Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990). And for the reasons already given, the suit implicates the state's important interest in administering its judicial system. *See Juidice*, 430 U.S. at 335. The injunctions that Garrigan seeks target who can hear circuit court cases, and how a circuit court can use district judges to address its administrative "needs." Ala. Code. § 12-9A-8(a). Finally, the state provides other ways for Garrigan to raise her due process concerns. She has already availed herself of one, the mandamus process. The state also notes that she can raise this challenge again on appeal from the ultimate custody decision. *See Cook v. Cook*, 515 So. 2d 1269, 1270 (Ala. Civ. App. 1987). That remedy would suffice, even though Garrigan contends that Thomason lacks authority to decide her case; the state appellate court can hear the challenge and direct the circuit court to set aside any judgment entered without authority. *See Ex parte DiGeronimo*, 195 So. 3d 963, 969 (Ala. Civ. App. 2015). Thus, the district court correctly concluded that all three conditions for abstention were present.

★    ★    ★

We have said that "even with the deferential standard of review, only the clearest of justifications merits abstention." *Tokyo Gwinnett*, 940 F.3d at 1267 (quotation omitted and alteration adopted). That justification is present here, where a party seeks to interfere with decisions to assign a judge to and keep a judge on an ongoing state proceeding. The district court's dismissal is therefore **AFFIRMED**.